OLE O. HAVERBEKKEN·V. P. S. HALE, COUNTY JUDGE, ET AL.

No. 2841.    Decided February 27, 1918.

1.—Highways—Opening New Road—Commissioners Court—Jurisdic-
    tion—Petition and Notice.

The power of the Commissioners Court, under article 6860, Rev. Stats., to lay out and open public roads is thereby to be exercised "as hereafter pre-scribed," that is, under the limitations as to procedure imposed by the succeed-ing articles of the chapter; these requirements are jurisdictional and their observance essential to a valid exercise of the power of the court. (Pp. 110-112.)

2.—Same—Petition—Notice.

Though under article 6871, Rev. Stats., the Commissioners Court may, of their own motion, when it is deemed necessary, open new roads, their power

to do so on the initiative of others is to be exercised as prescribed in articles 6875, 6876, that is, upon twenty days' public notice, and on petition of at least eight freeholders of the precinct and these requirements are jurisdictional and compliance therewith necessary to their power. (P. 110.)

### 3.—Same—Waiver of Notice.

So far as concerns notice to the person over whose land the road is sought to be laid out, the requirement may be waived by him; but the public is interested and required to be notified, especially since the same procedure is applicable alike to the discontinuing of old roads and the opening of new ones, and this notice he could not waive. Nor did his personal appearance before the jury of view, nor before the court when it made its final order, constitute waiver of notice to himself personally, since it did not secure to him the same rights he would have had if due notice had been given. ˙(Pp. 112, 113.)

### 4.—Commissioners Court—Supervisory Jurisdiction of District Court.

The supervisory jurisdiction given to the District Court over the proceedings of the Commissioners Court (Const., art. 5, sec. 8; Rev. Stats., art. 1706) may be exercised through its equity powers by injunction, and the exercise of this power is in the nature of a direct, rather than a collateral attack on such proceedings. (Pp. 113, 114.)

### 5.—Case Stated.

One over whose land a public road had been laid out on petition and award of damages under articles 6875, 6876, Rev. Stats., was entitled on uncontradicted sworn allegation that the petition had not been signed by eight freeholders of the precinct, and that the required notice of twenty days had not been given, to a preliminary injunction from the District Court restraining the opening of such road by the commissioners. (P. 114.)

Question certified from the Court of Civil Appeals for the Second District, on dissent in such court from the ruling on an appeal from Bosque County.

*S. C. Padelford,* for appellant.—In this case articles 6875 and 6876 require before such a road as the one in controversy can be laid out, established and opened by the Commissioners Court, that an application or petition praying for such road, giving its beginning and termination, signed by at least eight freeholders in the precinct or precincts in which the road is desired to be made, must be filed with the Commissioners Court, and article 6875 requires that these petitioners must give twenty days notice of the filing of this petition and of the time of the action of the court, then if this notice is not given the Commissioners Court has no authority to act.

The record in this case shows and the Court of Civil Appeals finds as a fact that neither of these two requisites were complied with; such being the fact, this pretended opening of this road was absolutely null and void because the Commissioners Court never acquired jurisdiction to determine the necessity and public use of this road and to appoint a jury of view to lay out and locate this road, etc. Porter v. Johnson, 140 S. W., 472; Parker v. Railway Co., 84 Texas, 333; Cummings v. Kendall County, 7 Texas Civ. App., 164, 26 S. W., 439; In re Ludlow St., etc., 68 N. Y. Supp., 1046; City of Detroit v. Judge, etc., 40 Mich.,

64; Mulligan v. Smith, 59 Cal., 206-230; Flint River Steamboat Co. v. Foster, 5 Ga., 194, 48 Am. Dec., 278; Town of Great Scott v. Robinson, 132 N. W., 204; Little v. Thompson, 24 Ind., 146; Stitts v. Cameron, 162 S. W., 721; Hentzler v. Bradbury, 47 Pac., 330; City of St. Louis v. Glasgow, 162 S. W., 596; Vogt v. Bexar County, 5 Texas Civ. App., 272, 23 S. W., 1044; Railway Co. v. Mud Creek I. A. & M. Co., 1 White & Willson C. C., sec. 393; McIntire v. Lucker, 77 Texas, 259; Grady v. Dundon (Ore.), 47 Pac., 915; McMillan v. Mason (Ore.), 140 Pac., 445; Hare v. Railway Co. (Ark.), 148 S. W., 1038; Terrell v. Drake (Ky.), 140 S. W., 53; Rosenberry v. Tibke (Neb.), 128 N. W., 647; Ruhland v. Supervisors, 55 Wis., 668; Black on Constitutions, sec. 176, pp. 475, 476, and authorities cited; Cooley on Constitutional Limitations, pp. 759-761, and authorities cited.

The rule of waiver of notice in such cases as this has been long established, and it is that, if a party appears and actually participates in the proceedings to condemn land, he waives any defect in the notice to him. This is the general rule of waiver in all cases and proceedings, but instead of the plaintiff being present in this case and participating, he absolutely repudiated the whole proceeding and protested against it. York v. State, 73 Texas, 655; Middleton v. Presidio County, 138 S. W., 814; Llano County v. Scott, 2 Texas Civ. App., 408; Beck v. Biggers, 50 S. W., 514.

*H. J. Cureton,* for appellees.—The Commissioners Court under the laws of this State has general supervision and control over the laying out and establishment of roads; it had the right of its own motion to establish and lay out the road in controversy, and having passed upon the sufficiency of the petition, and having seen fit to order the jury of view to lay the same out, its action in that respect when not appealed from to the County Court as provided by law, is conclusive, and can not be reviewed by the District Court in a proceeding of this kind. Kopecky v. Daniels, 9 Texas Civ. App., 305, 29 S. W., 533; Huggins v. Hurt, 23 Texas Civ. App., 404, 56 S. W., 944; Scarborough v. Eubank, 93 Texas, 106, 53 S. W., 573; Stewart v. El Paso County, 130 S. W., 590; Morris v. Cassidy, 78 Texas, 515, 15 S. W., 102.

The appellant in this case having received actual notice of the date and place of meeting of the jury of view to lay out and assess damages prior to the meeting of said jury at said time and place, and having been present and with the jury during the whole time they were laying out said road and assessing said damages, and having been advised by the jury of what they were doing, the question of whether or not he received the full five days notice is immaterial, and appellant is estopped to deny that he had legal notice of such proceedings, and the Commissioners Court was not without jurisdiction in the matters in controversy. Crawford v. Frio County, 153 S. W., 388; Onken v. Riley, 65 Texas, 468; Allen v. Parker, 23 Texas Civ. App., 536, 57 S. W., 703; Kopecky v. Daniels, 9 Texas Civ. App., 305, 29 S. W.,

533; Elliott on Roads and Streets, sec. 243; Lewis on Eminent Domain, sec. 379.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

This is a certificate of dissent from the honorable Court of Civil Appeals for the Second District.

The following is a summary of the facts stated in the certificate:

The case was a preliminary injunction proceeding instituted by Haverbekken to restrain the Commissioners Court of Bosque County from opening a public road of the second class across his land, heard upon petition and answer and attached exhibits and affidavits. The injunction was sought upon the ground that the action of the commissioners in ordering the opening of the road was void because, among other reasons, the proceedings in respect to the number of freeholders petitioning for the road and the notice given on the petition did not comply with the statutes.

Attached to the plaintiff's petition in the suit was an exhibit from the proceedings before the Commissioners Court showing that the petition for the road upon which the court acted contained the signatures of twenty persons therein designated as freeholders of the precinct in which the road would lie. It was charged, however, in the plaintiff's verified petition in the injunction proceeding that the petition for the road so acted upon was not signed by eight freeholders as required by article 6876. This averment was not traversed by the answer of the defendants.

The petition for the road, shown by the exhibit referred to, stated that it would be presented to the Commissioners Court on November 25, 1914. Another exhibit from its proceedings attached to the petition in the suit disclosed that the court acted on the petition on November 11, 1914, by then appointing the jury of view to lay out the road and assess the damages. In this connection the plaintiff alleged under oath in the injunction suit that the twenty days prior notice of the petition, provided by article 6875, was not given. It does not appear from the certificate that this allegation was in anywise denied by the defendants.

Affidavits presented by the defendants were sufficient to sustain findings that the jury of view gave the plaintiff the required statutory notice of the date designated by them for the laying out of the road and a hearing as to his claim for damage; that he appeared before them at the time appointed and disputed the county's right to open the road but did not present any claim for damages; that he was present when the Commissioners Court approved the report of the jury of view and ordered that the road be opened, and made no objection to its action.

So far as the record discloses, he prosecuted no appeal from the order of the Commissioners Court assessing his damages in the amount found by the jury of view.

The district judge denied the injunction, his order being affirmed by the Court of Civil Appeals in an opinion delivered by Associate Justice Dunklin, Associate Justice Buck dissenting.

As we construe the certificate, we are asked to determine whether the fact that eight freeholders of the precinct did not sign the petition for the road and a failure to give twenty days notice on the petition rendered void the action of the commissioners in ordering that the road be opened.

In our opinion both of these requirements prescribed by the statutes are jurisdictional, and their observance is essential to a valid exercise by the Commissioners Court of the power to open upon the application of others a road of the class here involved.

The various statutes bearing on the question are found in chapter 1 of title 119. The first article in the chapter defines what roads are declared as public. The second article in the chapter, article 6860, reads:

"The Commissioners Courts of the several counties shall have full powers and it shall be their duty to order the laying out and opening of public roads when necessary, and to discontinue or alter any road whenever it shall be deemed expedient as hereinafter prescribed."

This is original article 4360 of the Revised Statutes of 1879. That article has been amended by three different acts by the addition of a proviso and the amendment of the latter, the last amendment being that of the Act of April 2, 1889 (Acts of 1889, page 21), its proviso as last amended now constituting article 6861; but this part of it remains as originally enacted. Its office was to confer upon the Commissioners Courts the general powers they were to possess in relation to public roads. But it imposed the express limitation that the exercise of those powers should be "as hereafter prescribed." The effect of this limitation is to directly point to the succeeding articles of the chapter for the procedure necessary to a valid use of the powers conferred in respect to the several classes of roads with which the chapter deals.

As to first class roads between county seats, the Commissioners Courts, under article 6864, may, of their own motion, initiate the proper proceedings. Likewise, the last clause in article 6871 says:

"And Commissioners Courts may, on their own motion, where it is deemed necessary, open new roads or straighten existing ones."

But in respect to the opening of new roads or the discontinuing of old ones *on the application of others,* article 6875 is positive in its declaration that in no instance shall the Commissioners Court grant its order unless the persons making the application shall have given at least twenty days notice of their intended application, as prescribed in the article; and article 6876 is equally emphatic in its requirement that such an application shall be signed by at least eight freeholders in the precinct or precincts in which the road is desired or is to be discontinued. Article 6875 is in these words:

"The Commissioners Court shall in no instance grant an order on an application for any new road, or to discontinue an original one, unless the persons making application therefor, or some one of them, shall

have given at least twenty days notice by written advertisement of their intended application, posted up at the courthouse door of the county and at two other public places in the vicinity of the route of the proposed new road, or the road proposed to be discontinued."

The pertinent provision of article 6876 is as follows:

"All applications for a new road, and all applications to discontinue an existing one, shall be by petition to the Commissioners Court, signed by at least eight freeholders in the precinct or precincts in which such road is desired to be made or discontinued, specifying in such petition the beginning and termination of such road proposed to be opened or discontinued."

Does the clause above quoted found in article 6871 control articles 6875 and 6876 and sanction an entire disregard of their requirements? We do not think so. It was the opinion of the majority of the honorable Court of Civil Appeals that since under article 6871, and article 6860, as well, as construed by them, the Commissioners Court may of its own motion open a new road when deemed necessary, the observance of articles 6875 and 6876 in relation to notice and the number of freeholders petitioning for the opening or discontinuance of a road is not essential to its jurisdiction, even though it be invoked in virtue of those articles. We regard this as a mistaken view. It is but to say that those articles may be availed of to set in motion the power of the court, and yet be wholly ignored in respect to those things plainly prescribed as essential to the valid exercise of the power.

Article 6860 does not of itself, in our opinion, confer upon the Commissioners Court any authority to open a new road of its own motion. Article 6871 does confer such authority. It relates to a condition where the court may act of its own accord. Articles 6875 and 6876 relate to another condition where it is contemplated that the court shall not act except upon the petition of a required number of freeholders. The theory of Article 6871 doubtless was that under certain necessities the court should be free to lay out new roads or straighten existing ones of its own initiative. But it was clearly not intended that in all cases it should so act. To ascribe such an intention to the Legislature is to impute to it no purpose whatever in its enactment of articles 6875 and 6876. It renders them vain and meaningless. There could be no reason for writing their provisions into the statute law unless it was plainly contemplated that while the court might proceed upon its own motion, yet, where it had not done so, its power was subject to be invoked upon petition. They furthermore make it plain that when the court's jurisdiction is thus invoked, it is without the power to act except upon a substantial compliance with their requirements. It was not intended that the laying out of new roads should be dependent upon the initiative of the Commissioners Courts. It was recognized that there might be instances where the road was needed, but the court would not of its own accord order that it be laid out, or where the court did not deem it so necessary as to be willing to inaugurate its opening.

The freeholders of the county were not to be left remediless in such situations. Articles 6875 and 6876 furnish provision for such contingencies. They confer the right to petition for the road. They declare that to be a method whereby the power of the court may be called into play. But in immediate connection, when it is so invoked, they require that at least eight freeholders of the precinct or precincts shall sign the petition and twenty days notice be given in order that the court may be lawfully invested with the power to act upon it. Article 6871 has no more force than have articles 6875 and 6876, and they should not be made to yield to it. It is to be assumed that they were all enacted for a purpose and to perform a useful office. They are to be construed, if possible, so that each may be given full effect. They readily admit of the construction we have indicated which affords that result.

It has been many times declared that where it is provided by statute that petitions of this character be signed by a given number of freeholders, the requirement is jurisdictional. Lewis on Eminent Domain, sec. 347; Warne v. Baker, 35 Ill., 382; Whitley v. Platte County, 73 Mo., 30; Oliphant v. Commissioners, 18 Kan., 386; Frost v. Leatherman, 55 Mich., 33; Damp v. Town of Dane, 29 Wis., 419.

This is likewise true as to the notice required by the statute. Lewis on Eminent Domain, sec. 369.

Notice provided for which is personal to the land owner to be affected by the laying out of the road may, of course, be waived by him. But it is clear that he can not waive any requirement of the statute in which the public generally is interested. Ruhland v. Supervisors, 55 Wis., 664. It is also an elementary rule that for an appearance to constitute a waiver of notice it must be such as secures to the person entitled to the notice the same opportunity and the same benefit he would have had if the legal notice had been given. The majority of the Court of Civil Appeals were of the opinion that Haverbekken waived all questions of jurisdiction by appearing before the jury of view, and later the court when it made its final order. But his appearance at those stages of the proceeding can not be said to have secured to him the opportunity of appearing before the court at the time it made its original order on the petition by appointing the jury of view which it is to be presumed the prescribed legal notice of the petition would have afforded. It was clearly his right, we think, to appear before the court at that time to resist any action on the petition, if he had just grounds for such resistance. It was his right to then appear to contest the averment of the petition that it was signed by the required number of freeholders, or to resist the appointment of any but a fair jury of view, if justified in such action. True, the statute is silent in respect to the proceedings of the court in its original action on the petition, but it clearly contemplates that the land owners to be affected as well as others having an interest in the laying out of the road may be then heard upon the petition as to all matters fairly relevant to the proposal and

the court's action thereon. If not, there is no reason for the requirement of article 6875 that those petitioning for the road shall give the twenty days prior notice of their intended application.

But aside from the land owner being entitled to the notice intended to be afforded by this requirement, it is by the statute made necessary in the interest, equally, if not primarily, of the general public. The person whose land may be taken is not alone concerned in the laying out of a new road to serve the general public. Nor is it of exclusive interest to those making application for it. The prime interest to be consulted in the entire matter is that of the public. Only that interest can justify the taking of private property for the purpose. The location of a public road is of important concern to the public. This alone would prompt the Legislature to make provision for some character of notice for its benefit in the framing of a law dealing with the subject. It was this and other features of public concern, such as the appropriation of the public funds to compensate for the land taken, that did prompt the requirement as to notice upon the petition found in article 6875.

If there were any doubt about this there is one part of the article that renders this view conclusive. The entire article deals, not alone with new roads to be laid out upon the application of others, but with the discontinuance of old roads as well, upon such application. It can hardly be supposed the Legislature intended that an application for the discontinuance of an existing road should be acted upon by the Commissioners Court without the public being afforded the right to be heard upon it. Essential to the security of this right is provision for some form of public notice of the proposed action.

There is no difficulty in observing these requirements. If they were not intended to be observed, there was no need for their enactment. Their purpose was to provide for the exercise of the sovereign right to appropriate private property for a public purpose in promotion of the general welfare. They were intended to insure a just exercise of this high power and to prevent its abuse. They are a part of the law of the land to which the citizen whose property is sought to be taken has the right to appeal. If his property be taken, it must be according to law. "Under our institutions no man can be deprived of his rights, save by the law of the land, or the judgment of his peers. Among the rights thus protected is the right of private property. And when private property is to be taken, as in this case, for the public use, it is important that all the forms of the law should be complied with; for these forms have been devised, and certain restrictions adopted, for the protection of private right against public oppression." 1 Barb. (N. Y.), 286.

The Constitution (section 8, article 5), as well as the statute (article 1706), gives the District Court general supervisory control over the Commissioners Court. That this supervisory control may be exercised

through its equitable jurisdiction is well established. Bourgeois v. Mills, 60 Texas, 76; Bounds v. Kirven, 63 Texas, 159; McIntire v. Lucker, 77 Texas, 259. The power of the District Court to supervise the proceedings of the Commissioners Court here involved gave the injunction suit the character of a direct attack upon those proceedings rather than a collateral one. Crawford v. McDonald, 88 Texas, 626. This permitted a full inquiry for the purpose of seeing whether throughout the proceedings the court had complied with the law, unhindered by any presumptions ordinarily indulged in a collateral attack upon a judgment of a court of general jurisdiction. Not otherwise could the District Court supervise and control its action.

Upon the showing made by the sworn petition, with its allegations in respect to the number of freeholders signing the petition for the road and the failure to give the statutory notice on the petition untraversed, the order for the opening of the road was void because of want of jurisdiction in the court to make it, entitling the appellant to a preliminary injunction.