**DOYLE, County Judge, et al. v. SLAUGHTER et al. (No. 2200.)**

(Court of Civil Appeals of Texas. Amarillo. April 11, 1923.)

**I. Appeal and error ⚖⇒920(3)—Allegations of petition, on which injunction was based, taken as true in absence of denial.**

Upon appeal from an order granting a temporary injunction, the allegations of the petition are to be taken as true in the absence of any denial.

**2. Counties ⚖⇒21—District court empowered to review action of commissioners' court in acting upon petition for organization of unorganized county.**

Under Const. art. 5, § 8, giving the district court appellate jurisdiction and general supervisory control over the county commissioners' court, etc., empowers the district court to

review the action of a commissioners' court in acting on a petition for the organization of an unorganized county attached to another for judicial purposes, as provided in Rev. St. arts. 1356, 1357, and article 1361 as amended by Acts 35th Leg. (1918) 4th Called Sess. c. 11 (Vernon's Ann. Civ. St. Supp. 1922, art. 1361).

3. **Counties ⊙⇒21—Suit against commissioners' court to restrain organization of an unorganized county held a direct attack thereon.**

An injunction suit against a commissioners' court to prevent the organization of an unorganized county is a direct attack on the action of the commissioners' court, and the power of the district court to supervise the proceedings permits of a full inquiry as to whether the commissioners' court throughout the proceedings complied with the law.

4. **Counties ⊙⇒196(7)—Burden on plaintiffs in suit to prevent organization of county to prove allegation that requisite number of qualified voters did not sign petition.**

In a suit against the commissioners' court to prevent the organization of an unorganized county, the burden is on plaintiffs to prove by a preponderance of the evidence their allegation that the petition for organization was not signed by the requisite number of qualified voters.

5. **Counties ⊙⇒21—Power of commissioners' court to organize new county not one of discretion, but one of jurisdiction, dependent on a statutory petition.**

The power of a commissioners' court to organize an unorganized county is not one of discretion, but one of jurisdiction, dependent on the presentation of a petition conforming to statutory requirements.

6. **Counties ⊙⇒196(5)—Property owner held entitled to preliminary restraining order on unchallenged averments of petition charging attempt to organize county in violation of law.**

On an alleged abuse by the commissioners' court of either its discretionary or statutory powers, a property owner may appeal to a district court; and hence, where a petition for injunction charges an attempted organization of an unorganized county in violation of statute, its unchallenged averments entitled plaintiffs to a preliminary restraining order.

Appeal from District Court, Hockley County; Clark M. Mullican, Judge.

Suit by E. Dick Slaughter and others against John Doyle, County Judge of Hockley County, and others. From an order granting a temporary injunction, defendants appeal. Affirmed.

Vickers & Campbell, of Lubbock, and G. E. Lockhart, of Tahoka, for appellants.

Percy Spencer and R. A. Sowder, both of Lubbock, for appellees.

KLETT, J. Appellees, as plaintiffs below, filed an injunction suit to prevent the organization of Cochran county, previously attached to Hockley county, for judicial purposes.

The commissioners' court of Hockley county and the newly elected officers of Cochran county were made defendants. The petition for injunction alleged: That plaintiffs reside in Dallas county, but are owners of a large body of land in Cochran county, Tex.; that on or about February 15, 1923, there was presented to the commissioners' court of Hockley county a petition praying for the organization of Cochran county; that said petition was signed by 102 persons, naming them; that acting on said petition the commissioners' court of Hockley county ordered an election to be held in Cochran county on March 17, 1923, for the purpose of selecting a county seat and electing county officers for Cochran county; that said petition so presented to said commissioners' court was a fraud upon said court for the "reason that 54 of the names purported to be signed to said petition were not legally qualified voters in said Cochran county," the plaintiffs undertaking to set out in detail why said 54 persons were not qualified voters; that in said election held on March 17, 1923, only 63 votes were cast and many of them were illegal; that at said election certain of defendants received a majority of the votes for the various county offices, and Morton was elected as the county seat; that the commissioners' court of Hockley county will declare the result of the election; and that unless the defendants are restrained plaintiffs will be subjected to illegal taxes and suffer irreparable injuries. Plaintiffs asked for a temporary injunction and prayed that upon final hearing the injunction be made permanent. Upon this petition, sworn to by the plaintiffs, the district judge granted the temporary injunction, which, unless suspended, vacated, or dissolved, remains in full force until there is a final hearing. From the order granting the defendants have appealed to this court. The defendants did not deny the allegations of the petition or ask that the injunction be dissolved. The question here presented is, not whether the facts set up in the petition are true, but whether the allegations of such petition entitled the plaintiffs to a temporary injunction until there can be a trial of the case on its merits.

[1] Upon appeal, the allegations of the petition are to be taken as true in the absence of any denial. A review of the law leads us to the conclusion that the district judge was warranted in granting the temporary injunction. Amendment of 1891, § 8, art. 5, Texas Constitution; Oden v. Barbee, 103 Tex. 449, 129 S. W. 602; Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162; Wilmarth v. Reagan (Tex. Com. App.) 242 S. W. 726.

Under article 1356 and article 1361 as amended by Laws 35th Leg. (4th Called Sess.) c. 11 (Vernon's Ann. Civ. St. Supp.

1922, art. 1361) of the Texas Statute, when any unorganized county attached to another for judicial purposes desires to be organized, a petition expressing such desire, "signed by not less than seventy-five qualified voters" residing in such unorganized county, may be presented to the commissioners' court to which the unorganized county is attached, and thereupon it shall be the duty of such court to proceed without delay to the organization of such county by dividing same into defined boundaries and designating voting places. All of which shall be entered of record. Under article 1357 it then becomes the duty of the county judge to order an election to be held for the purpose of selecting county officers and a county seat.

[2] The defendants state their principal contention as follows:

"The appellants contend that after the petition for organization of an unorganized county is presented and acted on by the commissioners' court of the county to which such unorganized county is attached, such act and judgment of the commissioners' court cannot be brought into question."

The question as to the right of a district court to review the action of a commissioners' court was settled in 1891 by the adoption of a constitutional amendment, adding to section 8, art. 5, of the Texas Constitution the following provision:

"The district court shall have appellate jurisdiction and general supervisory control over the county commissioners' court, with such exceptions and under such regulations as may be prescribed by law; and shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law."

In Oden v. Barbee, supra, the Supreme Court passed on a similar case, and we think its opinion is decisive of the point involved. In that case Chief Justice Gaines said in part:

"At the time this amendment was adopted there had been numerous decisions by the Supreme Court holding that a citizen of a county had no remedy by which he could resist the removal of a county site, and the district court had recently held that the same rule applied to an election for the organization of a county, namely, that the question was a political and not a judicial one. It seems to us therefore that the main object in the amendment in question, * * * was to provide that the district court should have jurisdiction of these cases. It occurs to us that it is an insufficient answer to a citizen and taxpayer of an unorganized county who alleges a fraudulent application to the commissioners' court of the present county, by the insertion in the petition of the names of women and children and persons not residents of the unorganized county, * * * to say that this is a political question and one that is not cognizable by the courts. What greater wrong can be perpetrated upon the inhabitants of an unorganized county than to organize it without their consent and thus to subject them to the expenses of building court houses and jails and other expenditures necessarily incident to a new organization?"

[3] It is next contended by appellants that the injunction suit is a collateral, and not a direct, attack. This contention is answered by quoting from the opinion of the Supreme Court, in Haverbekken v. Hale, supra, wherein Chief Justice Phillips held:

"The Constitution (section 8, art. 5), as well as the statute (article 1706), gives the district court general supervisory control over the commissioners' court. That this supervisory control may be exercised through its equitable jurisdiction is well established. Bourgeois v. Mills, 60 Texas, 76; Bounds v. Kirvin, 63 Texas, 159; McIntire v. Lucker, 77 Texas, 259 [13 S. W. 1027]. The power of the district court to supervise the proceedings of the commissioners' court here involved gave the injunction suit the character of a direct attack upon those proceedings rather than a collateral one. Crawford v. McDonald, 88 Texas, 626 [33 S. W. 325]. This permitted a full inquiry for the purpose of seeing whether throughout the proceedings the court had complied with the law, unhindered by any presumptions ordinarily indulged in a collateral attack upon the judgment of a court of general jurisdiction. Not otherwise could the district court supervise and control its action."

It appears that the principal case relied on by appellants is that of Williams v. Castleman (Tex. Sup.) 247 S. W. 263. In that case Castleman was justice of the peace of precinct No. 1, Breckenridge, Tex. The commissioners' court, deciding that the population of the town had reached 8,000 created another justice of the peace office and appointed Williams to place No. 2. Castleman brought an injunction suit against Williams, charging that the commissioners' court had no power to create such office for the "reason that under the 1920 United States census Breckenridge had only 1,846 inhabitants." The commissioners' court was not made a party to the suit. Chief Justice Cureton correctly held that after the office was created Castleman could not question the legality of its existence in an injunction suit against Williams. "His attack on the judgment of the commissioners' court," said the Supreme Court, "is purely collateral and cannot be maintained, as shown by the above authorities."

The appellant also cites some school bond election cases, but we do not regard them in point for the reason that the jurisdiction of the district court is upheld in the case at bar on the ground that the Constitution expressly confers jurisdiction over commissioners' courts. We are not called on to decide how the action of a school board may be reviewed.

· [4-6] Bradford v. Moseley (Tex. Com. App.) 223 S. W. 171, is also cited by appellants. In that case it was said by the court that the opening of roads is a matter of discretion vested by law in the commissioners' court, and that the exercise of such discretion is not subject to review in the absence of proof of an abuse thereof. The Supreme Court did not deny the district court the right to review the illegal abuse of discretion, but held that in a trial in the district court "the burden of proof was on the plaintiff to show such abuse of discretion by a preponderance of the evidence." Likewise, when this case is tried in the district court for the purpose of ascertaining the facts alleged, the burden of proof will be on the plaintiffs to prove by a preponderance of the evidence that the petition for organization was not signed by 75 qualified voters of Cochran county. The issue here is not one concerning the use or abuse of discretion, because the power of a commissioners' court to organize a county is not one of discretion, but one of jurisdiction, dependent on the presentation of a petition conforming to the statutory requisites. In one case, the power is discretionary; in the other, it is statutory. If there is an alleged abuse of either, a property owner has the right to appeal to the district court. The petition for injunction charges an attempted organization of the county in violation of the statute. Therefore, the unchallenged averments of the petition for injunction entitled the plaintiffs to a preliminary restraining order which may be perpetuated upon a trial of the case in the district court if the plaintiffs can prove the charges made by them in the petition.

Under the authorities mentioned, all the propositions advanced by appellants are overruled, and the order entered by the trial court is sustained.

Affirmed.