## WITHINGTON v. HUNT et al. (No. 8154.)

Court of Civil Appeals of Texas. San Antonio. Feb. 13, 1929.

Rehearing Denied March 20, 1929. Supplemental Opinion April 4, 1929.

David E. Hume, of Eagle Pass, for appellant.

Jackson & Crawford, of Crystal City, for appellees.

FLY, C. J. This is an appeal from an order dissolving a temporary writ of injunction granted by Hon. L. J. Brucks. The record shows a petition not filed anywhere, not addressed to any district court or district judge, headed "State of Texas, County of Uvalde," but that informality is healed perhaps by an order granting a writ of injunction restraining the county judge and commissioners of Zavala county from laying out a certain public road and condemning the land therefor, signed by the judge of the district court of Uvalde county. Said writ, was ordered to be issued by the district clerk of Zavala county. That order was issued on September 25, 1928, but no time was designated for trying the issues. An answer is found in the record, no evidence of its filing, which was verified by affidavit on September 28, 1928. On October 8, 1928, a judgment was rendered dissolving the writ of injunction, after the judge heard the evidence. An appeal bond was given on October 19, 1928, and approved by the clerk, but no evidence of filing appears except a general certificate that the transcript contains copies of papers on file in the office. The certificate does not indicate when any of the papers were filed, although the time of filing of an appeal bond might be essential to its validity.

The facts show a strict compliance with the law as to laying out roads, and there was no ground whatever for the interference on the part of a court of equity. Courts of law are open to the citizen to recover any damages inflicted on his land, but equity will not interfere as long as the commissioner's court is proceeding within the provisions of statutory law.

Article 6705, Rev. St., does not require, the notices of an application to lay out a new road, to discontinue an old one, or to change or alter a public road, to be signed by the petitioners, but merely that the application shall be signed by at least eight freeholders in the precinct in which such road is desired to be made or discontinued. The notice in this instance was given, and so well given that appellant and others came before the court and filed a protest against the road. It is not pretended that twenty days' notice was not given. The petition was signed by more than the statutory number of freeholders, and proper notice was given. In the case of Haverbekken v. Hale, County Judge, 109 Tex. 106, 204 S. W. 1162, it appeared that eight freeholders did not sign the petition and that notice was not given for twenty days. The court, in answering a certified question, said: "As we construe the certificate, we are asked to determine whether the fact that eight freeholders of the precinct did not sign the petition for the road and a failure to give twenty days notice on the petition rendered void the action of the commissioners in ordering that the road be opened." The court held that the sworn petition, which was not traversed as to the number of petitioners being less than eight and the order being void because of there being less than twenty days given to it, the preliminary injunction should have been granted. In this case it is not claimed that the petition was not signed by at least eight freeholders, nor that the notice was not given for the full twenty days. The proof in this case showed that over thirty freeholders of the precinct signed the petition for the new road, describing it, and notices were shown to have been properly posted at three places and for the time provided by law. The order to open the road was properly granted, and a jury of view of five freeholders appointed to act as authorized by statute. They duly qualified, gave full notice to all landowners affected by the road of the time and place of their meeting. The notice given of the petition for the road was given by "J. T. Maddux, for himself and twenty-six others," and appellant appeared and contested it, not on the ground that notice had not been given, nor any other failure to comply with the law, but on the ground of a lack of necessity for the road and damages it would cause. There was a full hearing accorded appellant and others signing the protest against the road.

The law was complied with, the injunction was properly dissolved, and the judgment will be affirmed.

### Supplemental Opinion.

PER CURIAM. Appellant strenuously insists that this court more specifically decide the question of whether or not the notice of intention of filing petition for the opening of a public road shall be signed in person by at least eight of the petitioners. The statute (Rev. St. art. 6705) provides that "the commissioners' court shall in no instance grant an order on an application for any new road, * * * unless the applicants have given at least twenty days' notice by written advertisement of their intended application. * * * All such applications shall be * * * signed by at least eight freeholders. * * *" It will be observed that the petition for a road must be signed by "at least eight freeholders," and it has been held that the whole procedure must be strictly pursued, in order to give the county court jurisdiction over the subject, and that the requirement that the petition be signed by at least eight freeholders is mandatory. Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162.

The provision for notice of intention to file the petition is not so specific, however, with reference to the form or substance of such notice or the manner of signing it. It does not expressly require that the notice be

signed by all, or any particular number, of the petitioners. It simply requires, as a requisite condition for filing the petition, that the "applicants" give "at least twenty days' notice by written advertisement of their intended application." It is conceded that the notice was sufficient in its substance, and that it was published in the manner and for the period of time prescribed in the statute. The notice was signed, "J. T. Maddux and 26 others," and not otherwise. Appellant's sole contention is that this was not sufficient; that under the quoted provision of the statute the *individual separate signatures of at least eight* of the applicants were necessary to give vitality to the notice.

We overrule this contention. In the absence of a provision specifically prescribing how many of the petitioners shall sign the notice, we hold that such notice, sufficient in all other respects, is not vitiated simply because it is not separately signed by as many as eight of the petitioners. If the statute expressly provided that as many as eight should sign, a notice signed by less than that number would be ineffectual to give jurisdiction; but, in the absence of such express provision, the notice given in this case served every purpose that a more numerously signed notice could have effectuated.

This will be filed as supplementing the original opinion in the case.