YOWS et al. v. COMMISSIONERS' COURT OF CORYELL COUNTY.

No. 1076.

Court of Civil Appeals of Texas. Waco.

July 9, 1931.

Rehearing Denied Sept. 17, 1931.

T. R. Mears, of Gatesville, for appellants.

Robt. W. Brown and Harry W. Flentge, both of Gatesville, for appellee.

BARCUS, J.

About 1885 a first-class public road, which ran across the property owned by appellants, was opened from Gatesville to Jonesboro in Coryell county. In 1928, the chamber of commerce in Gatesville and other citizens of Coryell county requested the commissioners' court to relocate and straighten said Gatesville-Jonesboro road. No formal petition therefor, as provided by article 6705 of the Revised Statutes, however, was filed, the entire matter being handled in a very informal way. It appears that the commissioners' court agreed to relocate said road from the Juvenile Training School to Jonesboro, a distance of approximately thirteen miles, on condition that the citizens would obtain the necessary right of way without any expense to the county.

The commissioners' court on its own motion appointed a jury of view to, and which did, assess the damage to some of the tracts of land over which the proposed new road ran. Under the rerouting plan, the new road crossed the property of appellants from one hundred to three hundred yards east of the old road, the old road being very crooked and the new road running practically straight.

The old road went by what is known in the record as Hay Valley school and Hay Valley church. The new road left said buildings from two to four hundred yards to the west.

According to the testimony of appellant, Jake Yows, he and his father had owned the land on which the old road, as well as the new road, ran for more than fifty years. He testified that, at the time the committee from the chamber of commerce solicited a deed from him for the new road, said committee, as well as Mr. Morrison, the commissioner in the precinct in which said road was being constructed, told him that after the new road was open he could close the old road, and that same would revert to him, since it came originally from his property, and that with that understanding and agreement he donated the necessary land for the new road. After the new road was built and opened, relying upon the statement as made to him by said county commissioner and committee, he closed the old road, so that the traveling public could not reach either the schoolhouse or the church without going through gates and over the property of appellant, Jake Yows.

Upon complaint being made, the commissioners' court ordered appellants to remove the fences and obstructions from the old road, and appellants thereupon removed same and then petitioned the commissioners' court to close the old road. Said court, upon a hearing, refused to close the old road and entered an order requiring same to be kept open. Appellants then instituted this suit against the commissioners' court, praying that their title to the old road be quieted, and that they have a permanent injunction against the commissioners' court restraining them from in any way interfering with their closing the old road. The cause was tried to the court and resulted in judgment denying appellants any relief.

 Appellants contend that, since the commissioners' court changed the route of the old road and established and opened a new route from the Juvenile Training School to Jonesboro, that said act was in law an abandonment of the old road, and that the land used for the old road thereby immediately reverted to the original owners thereof. We cannot agree with this contention of appellants. Articles 6703 and 6705 of the Revised Statutes provide for the method by which a new public road may be opened or an old road changed or discontinued, and, before the commissioners' court can either change or discontinue an old road or open a new road, it is essential that a petition therefor be made, as required by article 6705. This is the specific holding of our Supreme Court in answering certified questions in the case of Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162.

 The record in this case shows that no order was made by the commissioners' court attempting to either change or close the old Gatesville-Jonesboro road across the land of appellants. Appellants do not, by their testimony, claim that any member of the commissioners' court, except Morrison, told them that the old road would be closed or that they would have a right to close same after the new road was completed. While the record clearly shows that appellant, Jake Yows, honestly thought that he had the right to close the old road when the new road was opened, and that without any consideration being paid him he executed the deed to the land required for the new road under the belief that when it was opened he could close the old road, said facts do not, as a matter of law, authorize him to close the old road. In the closing or changing of public roads, the commissioners' court under the holding in Haverbekken v. Hale, supra, can act only after a petition therefor has been duly presented and notice thereof given as required by article 6705 of the Revised Statutes. The clear purpose of said article is to permit those along the route of the old road, as well as all other parties who are interested therein, to have notice of any proposed change in the road before same is actually made.

 The only relief appellants seek in this case is an injunction restraining the commissioners' court from interfering with their closing the old road and to quiet their title to the old roadbed. Since it appears without dispute that the old road has been in existence and used as a first-class road for more than forty years, and since it appears affirmatively that the commissioners' court did not make any order authorizing said road to be discontinued or changed, and since it appears that, upon application made by appellants to the commissioners' court for permission to close said road, said court refused to grant said request, and no appeal was taken from said judgment, appellants are not entitled to any of the relief asked for by them.

We have examined each of appellants' assignments of error and propositions thereunder. Same are overruled, and the judgment of the trial court is affirmed.