**SHIVERS et al. v. STOVALL et al.**

No. 11820.

Court of Civil Appeals of Texas. Dallas.
Sept. 22, 1934.

Rehearing Denied Oct. 20, 1934.

Crawford & Fletcher, of Grand Saline, for appellants.

West & Stanford, of Canton, for appellees.

JONES, Chief Justice.

This suit was instituted by appellants, E. M. Shivers and W. L. Garland, against appellees, the commissioners' court of Van Zandt county, the county judge, the county treasurer, and the county auditor, to review an order of said court, distributing the road and bridge fund of said county, and to enjoin appellees from carrying out such order. A general demurrer was sustained to appellants' petition, and the suit was dismissed when appellants declined to amend. The appeal is duly perfected to this court.

When a general demurrer is sustained to a petition, the facts alleged become the admitted facts in the case, and must be so treated on an appeal from such order. The allegations in the petition disclose that in April, 1931, the commissioners' court of Van Zandt county passed an order dividing the road and bridge fund for the county equally among the four commissioner precincts, and the fair intendment of the allegations in the petition is that this order was made without examination into, or consideration of, the needs of the roads in respect to repair, in each of the four precincts, and without regard to the mileage of roads in each precinct, the amount of traffic over the roads of such precincts, or the amount of taxes collected in

each precinct for road and bridge purposes. This action, in distributing such fund, was taken over the protest of the commissioner of precinct No. 1, who insisted that said fund should be distributed in each precinct in proportion to the amount of taxes collected in such precinct, and offered a resolution so apportioning said fund. For the years 1932, 1933, and 1934, the commissioners' court, without any other formal resolution, acted under the 1931 order, in distributing the road and bridge fund of the county, in the same manner as in 1931.

In 1931, precinct No. 1 paid 73 per cent. of the taxes collected for road and bridge purposes, precinct No. 2, 5 per cent., precinct No. 3, 16 per cent., and precinct No. 4, 6 per cent., and the same is true as to the amount of taxes paid by each precinct for the years 1932 and 1933. For the year 1934, it appears that precinct No. 1 paid 72½ per cent. of such taxes, precinct No. 3, 16½ per cent., and Nos. 2 and 4, the same percentage theretofore paid. In March, 1934, the commissioner of precinct No. 1 offered a resolution, to the effect that the road and bridge fund should be distributed in proportion to the taxes paid by each precinct. This resolution was not passed and the commissioners' court adhered to the distribution of said fund as made by the resolution of 1931.

There are 831 square miles of territory in Van Zandt county, 221 in precinct No. 1, 170 in precinct No. 2, 250 in precinct No. 3, and 190 in precinct No. 4. Precinct No. 1 is traversed by as many creeks, rivers, and lowlands as are the other three precincts combined. The county roads in precinct No. 1 have as much traffic as all of the other county roads in the county, there being located within said precinct a large oil field, which has been operated for the past four years. The needs of the oil field, in the way of machinery, requires the use of a great many trucks on such roads, and has required such use for the past four years, and the county roads in precinct No. 1, by reason of the oil field, have had for the past four years more heavy traffic than all of the rest of the county roads in said county, and the county roads in said precinct are in a worse condition than such roads in any other precinct. Precinct No. 1 has 500 miles of county roads and no other precinct has more than 400 miles of county roads. While precinct No. 3 contains more territory than precinct No. 1, said precinct is not traversed by creeks, rivers, and lowlands, but is almost entirely prairie country, and the roads in such precinct need very little repair and maintenance. There are 65 miles of paved state and national highways through the county, but by reason of the location of these highways they accommodate less of the travel in precinct No. 1 than they do any other commissioner precinct.

Appellants are resident taxpayers in commissioner precinct No. 1. The road and bridge fund to be expended in the entire county amounts to approximately $90,000, of which approximately $50,000 is derived from the county taxes, collected for that purpose, and approximately $40,000 is derived from the automobile registration taxes.

The above allegations of fact form the basis of the conclusion, alleged by appellants in their petition, that the action of the commissioners' court, in making each year an equal distribution among the commissioner precincts of the road and bridge fund, is arbitrary and without the exercise of discretion on the part of the commissioners' court.

■■ It appears from the allegations in the petition that, since the order of the commissioners' court, made in April, 1931, apportioning the road and bridge fund equally among the four commissioner precincts, it has become the settled policy of the commissioners' court to make such apportionment without inquiry as to the needs of the roads in each precinct. It is true that the commissioners' court, composed of public officials, charged with the duty to apportion this fund to the roads of the county, must be allowed a broad discretion in the performance of this official duty. It is likewise true that the discretion herein allowed by law must not be abused to the wrongful injury of any commissioner precinct. The discretion allowed a commissioners' court, in respect to the apportionment of the road and bridge fund, is subject to review by a court of competent jurisdiction, just as the exercise of the power of discretion lodged in any public official may be reviewed by a court of competent jurisdiction in a proper suit filed for such purpose.

■ Section 8 of article 5 of our state Constitution gives the district court jurisdiction of this character of suit. The applicable portion of said section reads: "The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law." Article 1908 of the Revised Statutes, the enabling act, gives the district court such power in the identical language of the constitutional provision. Our courts have repeatedly held that a direct suit, either in

law or in equity, whose purpose and effect is to review or set aside an order of a commissioners' court, comes within the power granted by the constitutional and statutory provisions above referred to. Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162; Oden et al. v. Barbee et al., 103 Tex. 449, 129 S. W. 602; Kirby v. Transcontinental Oil Co. (Tex. Civ. App.) 33 S. W. (2d) 472; Bird et al. v. Alexander et al. (Tex. Civ. App.) 288 S. W. 606.

◼ Article 6740, R. S., prescribes that: "The commissioners court shall see that the road and bridge fund of their county is judiciously and equitably expended on the roads and bridges of their county, and, as nearly as the condition and necessity of the roads will permit, it shall be expended in each county commissioners precinct in proportion to the amount collected in such precinct. * * * " This article defines the duties of the commissioners' court in reference to the expenditure of the road and bridge fund and, in effect, forbids any arbitrary apportionment of such fund among the commissioner precincts. There is placed upon the commissioners' court the duty of judiciously and equitably expending the county road and bridge fund on the roads and bridges of their county. The term "judiciously," as therein used, means that the commissioners' court, in expending such fund, shall be directed or governed by sound judgment. Webster's New Intern. Dict. The term "equitably," as therein used, means that the fund shall be expended on the roads in the county fairly and impartially. Webster's New Intern. Dict.

◼ A statutory duty, therefore, rests upon the commissioners' court of a county, to exercise sound judgment, based upon a fair and impartial consideration of the needs of the various roads of the county, in the expenditure of the road and bridge fund. If such judgment so exercised will allow such fund to be expended in each precinct in proportion to the taxes for road and bridge purposes, collected in such precincts, then the duty rests upon the commissioners' court to so apportion the fund.

We therefore hold that it is the duty of the commissioners' court, first, to consider the condition and needs of the roads, without reference to precinct lines, and if it then appears that the condition of the various roads is such that a judicious and equitable expenditure of the money can be made by allowing to each precinct a share of the road and bridge fund, in proportion to the amount of taxes collected in said precinct, then such

fund should be so apportioned among the precincts.

It may be also said that, if a fair and impartial judgment of the commissioners' court, based on the condition and needs of the roads of the county, call for an equal division of the road and bridge fund among the commissioner precincts, then such an apportionment would be a judicious and equitable expenditure of such fund.

◼ Appellants' petition does not present a case that a district court would be authorized to hold that there was an abuse of discretion by the commissioners' court of Van Zandt county, in not making the apportionment of the road and bridge fund in the precincts in proportion to the taxes collected.

We are, however, of the opinion that the allegations in the petition do make a case showing an abuse of discretion on the part of the commissioners' court, in apportioning the road and bridge fund equally among the four commissioner precincts. Such allegations clearly show that the needs of precinct No. 1, in respect to its roads, is far greater than the needs of the roads in any other precinct, and that the apportionment made by the commissioners' court, under the allegations of the petition, is in violation of the statute, commanding such court to make the expenditure of the road and bridge fund judiciously and equitably, and constitutes an abuse of official discretion.

◼◼ In respect to the sum of $40,000 derived from the registration of automobiles, article 6675a—10, Vernon's Ann. Civ. St., provides, in effect, that all of the money derived from such source shall be used for the construction and maintenance of lateral roads in the county, under the supervision of the county engineer, or of a division engineer of the State Highway Commission, if there be no county engineer. This fund was included in the apportionment of equal amounts to the four commissioner precincts.

We are of the opinion that the commissioners' court is charged with the duty of expending the fund, so derived, judiciously and equitably on the lateral roads of the county. Of course, that portion of article 6740 in respect to the road and bridge fund being apportioned in proportion to the amount of taxes collected in each precinct has no application to this fund, and is no restriction on the commissioners' court in the expenditure of this fund. The allegations in appellants' petition are not sufficient to call for a review of the 1931 order of the commissioners' court, if the

expenditure of this fund was alone involved. The commissioners' court, however, treated the road and bridge fund of $50,000 derived from the taxes, and $40,000 derived from automobile registrations, as one fund in making the equal distribution of the entire fund among the commissioner precincts, and the allegations of the petition refer to this entire fund, for which reason we think the order of 1931, disposing of the entire fund, is subject to review in respect to the entire fund.

Appellees treated this suit as merely an injunction suit and briefed it from the standpoint that the allegations are not sufficient for relief under a purely injunction suit. Clearly, the main purpose of the petition is first to secure relief by a review of the 1931 order of the commissioners' court, under which said court was acting, and the injunction feature of it is an incidental matter, affecting only the relief sought after said order is reviewed and set aside. We do not think the petition alleges grounds for a temporary restraining order. The courts should be, and are, very slow to restrain public officials in the discharge of a public duty, until such officials are accorded a full hearing, and if this were the only question involved, we would be inclined to affirm the case.

It necessarily follows that, in our opinion, this case must be reversed and remanded for a hearing upon the merits, in respect to the allegations charging abuse of the discretion lodged in the commissioners' court, in the manner in which, under their settled policy, they have apportioned their road and bridge fund, and the case is accordingly reversed and remanded.

Reversed and remanded.

BOND, J., dissents from the conclusion in the opinion that the petition was sufficient to show an abuse of discretion on the part of the commissioners' court.

BOND, Justice (dissenting).

In the majority opinion, this court determined that appellants' petition presents a case, that a district court would be authorized to hold that there was an abuse of discretion by the commissioners' court · of Van Zandt county, in apportioning the road and bridge fund equally among the four commissioners' precincts. To this finding and determination, I cannot agree.

The rule is well settled in this state that a petition for injunction must clearly and distinctly state the material and essential elements entitling the party to relief, and must negative every reasonable inference arising from the facts so stated that the party might not under other pertinent supposable facts be entitled to relief, and, to the same extent, in passing upon the sufficiency of a petition to set aside an order, or judgment based on the ground of abuse of discretion on the part of a court which is delegated by statute to exercise it, the petition should present the essential elements and negative the inferences.

Disregarding the general allegations in appellants' petition, it presents: (1) That more than one-third of the population of Van Zandt county reside in precinct No. 1; (2) that precinct No. 1 contains more square miles of territory than two of the other precincts, the Fourth precinct having more mileage than precinct No. 1; (3) that precinct No. 1 has as many creeks, rivers, and lowlands as the rest of the county combined; (4) that, by reason of the location of an oil field in precinct No. 1, the traffic over the roads in that precinct is, and has been for four years, heavier than the traffic over all the other roads of the other three precincts; (5) that the roads in precinct No. 1 need, and have needed, more money to maintain them than is required for the other roads in the other three precincts; (6) that precinct No. 1 has at least one hundred more miles of public roads than either of the other precincts; and (7) that, for the past four years, the roads in precinct No. 1 have been in much worse condition than the roads in the rest of the county. Predicated on these supposable facts, appellants' contention is that the commissioners' court abused its discretion in apportioning the road and bridge fund equally among the four precincts of the county.

The petition does not disclose a single road in precinct No. 1, or in Van Zandt county, in need of repairs, or the exercise thereover of more supervision, or the expenditure of more money than was apportioned by the commissioners' court and placed at the disposal of the four commissioners. So far as the petition discloses, we may reasonably assume that each commissioner of the county has at his disposal a sufficient amount of money to economically and advantageously expend for labor on the roads of his district, and as many convicts, or other labor furnished him by the commissioners' court for road improvement purposes.

Article 6739, R. S. 1925, provides that: "He (county commissioner) shall expend such money as may be placed in his hands by the commissioners court under its direction in

the most economical and advantageous manner on the public roads, bridges and culverts of his district; and all his acts shall be subject to the control, supervision, orders and approval of the commissioners court. He shall work the convicts and such other labor as may be furnished him by the commissioners court. When he has funds in his hands to expend for labor on the roads, and when it shall be necessary for any overseer in his district to work more than five days during any one year upon the public roads, he may employ such overseer to continue his duties as such for such length of time as may be necessary, and pay him for such services not more than one dollar and fifty cents per day for the time actually employed after the five days; provided, that the hands shall not be required to work when there shall be on hand, after building and repairing bridges, a sufficient road fund to provide for the necessary work on the roads. Said road commissioner shall report to the commissioners court at each regular term under oath showing an itemized account of all money he has received to be expended on roads and bridges and what disposition he has made of the money, and showing the condition of all roads, bridges and culverts in his district, and such other facts as the court may desire information upon, and shall make such other reports and at such time as the court may desire."

If, under the provisions of the above-recited statute, the commissioner of precinct No. 1 and the other commissioners have sufficient amount of money to economically and advantageously expend, or have convicts, or other labor sufficient to provide for the necessary work on the roads, then certainly it could not be said that the commissioners' court was guilty of legal fraud, or of gross abuse of discretion in making the apportionment of the road and bridge fund of the county on the basis of an equal division. On the other hand, if the commissioner of precinct No. 1 and the other commissioners of the county do not have sufficient funds, convicts, and labor to provide for the necessary work on the roads, then it is incumbent on the petitioners to negative those pertinent facts to entitle them to the relief sought.

Aside from that, manifestly, from a reading of article 6740 of the Revised Statutes, the law contemplates, as is interpreted by the majority opinion, that the road and bridge fund of the county shall be expended by the commissioners' court over the county roads as a unit, and each commissioner shall expend only such portion thereof as may be placed in his hands by the court, subject to its control, supervision, orders, and approval. Then, if that be true, the petition should negative the inference that the apportionment made by the court was not done for the betterment of the county roads. The petition under consideration wholly fails to negative the reasonable inference arising out of the statute.

Under this provision, a portion of which is quoted in the majority opinion, the commissioners' court is vested with the authority to use the entire road and bridge fund of the county on "first or second-class roads, and on those which shall have the right of way furnished free of cost to make as straight a road as is practicable and having the greatest bonus offered by the citizens of money, labor or other property," and this without regard to precinct lines or other regulations. The commissioners' court, therefore, is thus authorized to expend any part of the road and bridge fund in one precinct, equally in all precincts, or all on one road, as in its judgment may determine. A careful consideration of the petition in this case fails to disclose any allegation to negative that statutory provision and without which it is insufficient to base a claim of fraudulent action, or abuse of discretion exercised by a constitutional court.

The commissioners' courts of our state are a part of our judicial system, and, when acting within the sphere of the powers and duties conferred upon them, the judgments of these courts are entitled to the same consideration as those of other constitutional courts. The revisionary power of the district courts over the judgments of the commissioners' court may be invoked only when it has acted beyond its jurisdiction, or in case of a clear abuse of the discretion conferred upon it. Schiller v. Duncan (Tex. Civ. App.) 21 S.W.(2d) 571; Doyle v. Slaughter (Tex. Civ. App.) 250 S. W. 1090; Gibson v. Davis (Tex. Civ. App.) 236 S. W. 202; Polk v. Roebuck (Tex. Civ. App.) 184 S. W. 513.

Article 5, § 18, of our Constitution provides that the commissioners' court " * * * shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." From this, the commissioners' court of Van Zandt county was exercising a power conferred upon it by law when it apportioned the road and bridge fund and passed the orders in question, which are conclusive unless vitiated by fraud clearly pleaded, which is not revealed in this record.

In the case of Davisson v. Eastland County (Tex. Civ. App.) 6 S.W.(2d) 782, 787, the court said: "While it is true that article 5, § 8, of our Constitution, gives the district court appellate jurisdiction over commissioners' courts, this suit is not in the nature of an appeal, and it seems there has been no legislation making provision for the exercise of such jurisdiction as to matters like as involved in this suit. The orders of the commissioners' court, unless the court is without jurisdiction of the subject-matter, are not subject to attack in the absence of fraud." Polk v. Roebuck, supra; Callaghan v. Salliway, 5 Tex. Civ. App. 239, 23 S. W. 837; Jeff Davis County v. Davis (Tex. Civ. App.) 192 S. W. 291; Bradford v. Moseley (Tex. Com. App.) 223 S. W. 171; Cannon v. McComb (Tex. Civ. App.) 268 S. W. 999. So, as I view the record in the instant case, the petition under consideration shows no fraudulent action, nor abuse of discretion; therefore, the district court is not in a position to disturb the honest discretion so exercised by the commissioners' court, for to do so would be assuming to act as commissioners in lieu of the duly qualified and elected officers selected by the voters to represent them in that capacity. It is, therefore, necessary for one attacking the court's action to allege that discretion has been illegally or fraudulently exercised, and, in the absence of such allegation, the court's action should stand especially when attacked only by general allegations of fraud, lack of discretion, or that the judgment was arbitrarily entered.

If it is the duty of the commissioners' court first to consider the condition and needs of the roads without reference to precinct lines, then certainly, before the court's action may be reviewed by a district court, facts must be alleged showing that the apportionment of the funds calling for an equal division among the commissioners' precincts was not done in furtherance of the roads of the county. The mere allegations that the roads of one precinct exceed in mileage, that the traffic is greater, and that the roads are in worse condition than in the other precincts, are not, in my opinion, sufficient allegation for the district court to interfere with the discretionary action of the commissioners' court.

In the case of Austin v. Guaranty State Bank (Tex. Civ. App.) 300 S. W. 129, 135, the court said: "Discretion, as applied to public functionaries, means the power or right of acting officially, according to what appears just and proper under the circumstances. * * * Courts will not interfere with the exercise of such discretionary authority unless it has been abused." The Legislature has granted to the commissioners' courts large power and wide discretion in the expenditure of the road and bridge fund of the county, and, in the exercise of that discretion, they are delegated to act on what they determine to be reasonable and fair. No hearing is required, no evidence is necessary, and no fact need be judicially determined except that the fund be expended judicially and equitably. In 32 C. J. p. 242, an admirable rule is stated, that: "Courts will not hear proofs and attempt to determine whether the discretion is wisely exercised or not. Where the law casts both a right and a duty upon an officer which involves the exercise of discretion, the officer's conduct with respect to his duty or discretion is no more to be controlled by injunction than by mandamus. An injunction may be issued in case of a gross abuse of discretion, but to constitute an abuse of such discretion it must appear that it was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable."

It may well be asserted that this record demonstrates that the commissioners' court, in apportioning the road and bridge fund in the manner determined by them as being reasonable, having due regard for the judicial and equitable expenditure of the county funds on roads and in districts of the county where needed, cannot be invaded by a district court on a showing merely that the roads in one precinct are not as good as those of the other precincts in the absence of a showing that the members of the court were influenced by impure motives detrimental to the public interests. This being true, then, on hearing of the petition to set aside the discretionary order of the commissioners' court, what order should and could be made by the district court? Can it be said that a district court may substitute its judgment for that of a subordinate tribunal in the exercise of discretion in the absence of an allegation of fraudulent conduct? I think not.

In my opinion, the petition under consideration does not reveal in the commissioners' court's action, purposes and conduct abuse of discretion in the apportionment of the funds under their supervision and control. There is no allegations of bad faith, or perversity, or of moral delinquency. Thus, the court's order is not subject to review, or be set aside, which, if done on the showing made, would be tantamount to a direction of the district court to members of the commission-

ers' court to subvert their own discretion in the matter.

I dissent from the judgment of the majority of this court; the motion for rehearing should be sustained and the case be affirmed.