**GRAY et al v. LEWIS.**

No. 8386.

Court of Civil Appeals of Texas. Austin.

Oct. 30, 1935.

Rehearing Denied Nov. 27, 1935.

F. R. Gray and R. L. Johnson, both of San Saba, for appellants.

J. H. Baker and G. A. Walters, both of San Saba, for appellee.

BAUGH, Justice.

Appeal is from a temporary injunction granted to appellee, a landowner in San Saba county, restraining F. S. Gray and the commissioners' court of that county from opening a third class road across appellee's land. The record discloses the following:

On March 22, 1935, F. S. Gray and wife filed with the commissioners' court their sworn petition, asking that such road be opened across the lands of Ed. Lewis under article 6711, R.S. 1925, as amended by Acts 1930, 41st Leg., 5th Called Sess., c. 62, p. 207 (Vernon's Ann.Civ.St. art. 6711), in which petition they stated that they resided on, as their home, certain lands therein described as being inclosed by lands belonging to other people; that they had no direct or practical route to a public road as an outlet to their nearest trading point, church, postoffice, school, etc.; that the opening of such road so applied for was necessary for them to reach such places; and that the lands on which they so resided adjoined the lands of appellee, over whose property the road was sought to be opened. This application was set down for hearing on April 13, 1935; a jury of view was appointed to inspect the route of such road, before which appellee appeared and asked for $5,000 damages. The jury of view recommended the establishment of such road, made its report to the commissioners' court on May 7th, which was approved by order of that court on May 17th, and the road ordered opened.

The proceedings before the commissioners' court in all respects complied with the provisions of the statutes. Several grounds were alleged as a basis for the injunction, but it appears to have been granted upon the single ground alleged that Gray and wife fraudulently invoked the jurisdiction of the commissioners' court, in that they did not in fact reside on the land asserted in their application to be their home, but at all times resided in Dimmit county; and that consequently the order of the commissioners' court was void.

Appellants contend, however, as to this that the question of residence of the Grays on the lands in question was waived, even if it be found that a bona fide residence thereon at the time did not exist, and that therefore the order of the commissioners' court was valid. We think this question is determinative of the appeal and pretermit a discussion of the other contentions made under appellants' sixteen assignments of error.

The facts disclosed upon the trial hereof show that Gray purchased the lands, on which he asserted in his petition that he resided, in January, 1935; that he and his wife, who admittedly had resided in Carrizo Springs, Dimmit county, for several years, merely occupied these lands with camping equipment during the latter part of March and the first part of April, 1935, for the purpose of making some improvements thereon and leasing same to some one else, and thereupon returning to their home at Carrizo Springs; that they did lease same on April 10, 1935, in writing to John Lewis for a period of three years, and had when said order was entered on May 17, 1935, already returned to their home in Carrizo Springs; and that John Lewis did not need and did not seek such road as an outlet from said inclosure.

No public necessity was asserted as a basis for such road. The petition shows that the Grays sought it only as a necessary way of ingress and egress to and from the inclosure on which they claimed to reside as their home. It was therefore personal to them, and to authorize the court to condemn the property of another for that purpose it was incumbent upon them to meet the express requirements of the statute by showing that they were in good faith "living within an inclosure * * * and stating the facts which show

a necessity for such road." Article 6711, R.S. 1925, as amended (Vernon's Ann.Civ. St. art. 6711). In cases wherein public necessity is not involved, and those in which the commissioners' court is not upon its own motion authorized to open public roads, it is now settled that a compliance with the requirements of the statutes is jurisdictional, and that unless such compliance is shown the commissioners' court is without jurisdiction to order the opening of such road. Haverbekken · v. Hale, 109 Tex. 106, 112, 204 S.W. 1162, 1165; Robison v. Whaley Farm Corporation, 120 Tex. 633, 37 S.W.(2d) 714, 40 S.W. (2d) 52.

■■ While it is true that orders of the commissioners' courts entered in matters over which they are given jurisdiction by the Constitution and the statutes are entitled to be given the same consideration as judgments of other constitutional courts [Schiller v. Duncan (Tex.Civ.App.) 21 S. W.(2d) 571, 573], it is also true that the district court is given supervisory powers over their orders (article 1908, R.S.), and that such orders are subject to direct attack where, in matters such as that presented in this case, the commissioners' court has acted without jurisdiction, or has clearly abused its discretion, or its jurisdiction has been fraudulently invoked. See 21 Tex.Jur. § 92, p. 616, and numerous cases there cited. An application to enjoin the opening of a road constitutes a direct attack upon such order. Haverbekken v. Hale, supra. And where such proceeding is instituted the court can inquire fully into what transpired before the commissioners' court in order to determine whether the action there was valid, and the presumptions which would apply to such order of the commissioners' court as against a collateral attack thereon do not obtain. As stated by Judge Phillips in the ·Haverbekken Case, supra, wherein the order of the commissioners' court was sought to be enjoined: "This permitted a full inquiry for the purpose of seeing whether throughout the proceedings the court had complied with the law, unhindered by any presumptions ordinarily indulged in a collateral attack upon a judgment of a court of general jurisdiction. Not otherwise could the district court supervise and control its action."

■■ The residence .of the Grays upon the inclosed premises and their need for an outlet to a public road being, under their own petition, the only grounds on which the commissioners' court could condemn appellee's property and open a road over same, these matters were clearly jurisdictional and were not such that appellee could be estopped to assert in the district court, even though he had participated in the proceedings before the commissioners' court. McIntire v. Lucker, 77 Tex. 259, 13 S.W. 1027; 21 Tex.Jur. § 95, p. 619.

■ It is unnecessary for us to review the evidence on these questions here. Suffice it to say that there was ample evidence to show that the Grays were not in good faith residing within such inclosure, if it does not clearly show the contrary, at the times the proceedings before the commissioners' court were had. The trial court was clearly authorized to find that the jurisdiction of the commissioners' court was fraudulently invoked and that therefore its order was, under the circumstances, void. That being true, the injunction appealed from was not improperly granted.

While other questions as to pleadings and special exceptions sustained thereto are presented, they but present in one way or another the questions above discussed and need not be considered in detail.

For the reasons stated, the judgment of the trial court will be affirmed.

Affirmed.