J. T. EVANS ET AL. V. THE SANTANA LIVE STOCK AND LAND COMPANY.

No. 7775.

1. **Construction of Statute—Road Law.** — That it was made the duty of the County Commissioners Courts within ninety days after the passage of the Act of February 7, 1884 (Sayles' Civ. Stats., art. 4360a) to appoint juries of view to lay out certain public roads, is not a limitation upon the power of the courts to open such roads. They can execute the power after that date.

2. **Opening Public Roads — Notice.** — Notice to a corporation owning lands through which it is proposed to lay out a public road may be served upon its agent, but a notice to such agent and served upon him does not bind the company.

3. **Same.**—Service upon the land owner of notice is necessary to confer jurisdiction upon the courts to open roads through his lands.

4. **Injunction to Restrain, etc.** — Injunction may issue to restrain the opening of a public road under an order of the county commissioners made without notice to the landowners, at their instance.

5. **Same — Practice.** — Pending such injunction the county commissioners have power under new proceedings regularly taken to open up such road. This would be a defense to the injunction, but costs should be allowed plaintiff up to the date of the regular condemnation.

APPEAL from Coleman. Tried below before Hon. J. W. Timmins. The opinion states the case.

*Sims & Snodgrass*, for appellants, cited Acts 18th Leg., special session, approved Feb. 7, 1884; Sayles' Civ. Stats., art. 4360a, secs. 2–4; Rev. Stats., art. 4370; Cool. on Const. Lim., 700; High on Injunc., secs. 5686, 1286, 1485; Sparing v. Dwanger, 60 Ind., 72; Railway v. Ferris, 26 Texas, 588; Ex Parte Rowland, 104 U. S., 604; Railway v. Shepherd, 21 Texas, 277; Dronberger v. Reed, 11 Ind., 420; Rudisill v. The State, 40 Ind., 485; The State v. Messenger, 27 Minn., 119; Lowie v. Newark, 38 N. J. L., 151; Lowndes Co. v. Bowie, 34 Ala., 461

*J. P. Ledbetter*, for appellee.—The law and the evidence in this case show clearly that the proceedings of the Commissioners Court to establish the public road in question were irregular and illegal, for the following reasons:

1. Because it is shown that said court was attempting upon its own motion, without petition, to establish a road between the county seats of two adjoining counties after the elapse of ninety days from the date of the passage of the act allowing them said ninety days within which to appoint juries of view on their own motion.

2. Because said Commissioners Court, without authority of law, proceeded upon its own motion to appoint a jury to assess damages for opening and establishing said road.

3. Because said Commissioners Court was attempting to force appellee to open up said road through its inclosure before the expiration of nine months from the final necessary act of said court to establish said road; in this, said court ordered the road overseer to proceed at once to open up said road on the same day it secured to be paid to G. W. Mahoney compensation for his damages, which was also less than nine months from the date of said order, up to the time of final judgment of District Court perpetuating said writ of injunction.

4. Because, contrary to the statutes prescribing the mode of condemning land for public roads, said Commissioners Court appointed the one jury of view and ordered it to proceed at one and the same time to lay off said road and to assess damages to landowners through which same should be laid off.

5. Because said jury of view did not at any time or in any manner serve notice of its purpose to either lay off said road through its inclosure on its land, or of their purpose to assess damages incidental thereto.

6. Because said Commissioners Court was attempting to condemn, take, injure, and damage appellee's land and private property for public uses without first paying or securing to be paid to it compensation therefor. Const., art. 1, sec. 17; Sayles' Civ. Stats., arts. 4360a (secs. 1–5), 4367, 4370–4373; McIntire v. Lucker, 77 Texas, 259; Bourgeois v. Mills, 60 Texas, 76; Floyd v. Turner, 23 Texas, 292; Anderson Co. v. Kennedy, 58 Texas, 616; Taylor v. Travis County, 77 Texas, 335.

For service on agent of incorporated companies: Ins. Co. v. Seeligson, 59 Texas, 3; Bowers v. Ins. Co., 65 Texas, 51; Railway v. Gage, 63 Texas, 568.

Individual members of incorporated companies distinct from artificial body. 17 Texas, 573; Angel & Ames on Corp., sec. 390.

STAYTON, CHIEF JUSTICE.—This suit was brought by appellee, a corporation, against the members of the County Commissioners Court and a road overseer for Coleman County, to enjoin them from opening a public road through lands claimed by the corporation.

The Commissioners Court, acting under the Act of February 7, 1884 (Sayles' Civ. Stats., arts. 4360, 4361), of its own motion, more than ninety days after the passage of that law, and in obedience to it, determined to open such a road as that act provides for, and to that end appointed a jury of view to lay out the road, directing them to give to the owners of land the notice provided by law before taking action. No notice, however, was given to appellee of the contemplated proceedings, although notice was given to G. W. Mahoney, who was in fact its agent, but this was not such notice as would have bound the company, for it did not purport to be notice to it served upon its agent. After such notice was given to Mahoney the jury of view proceeded to lay out the road and to assess damages in favor of Mahoney and other persons who appeared and made claim.

The report of the jury of view was approved by the court and the road ordered to be opened, when this action was brought to restrain the opening of the road, but not before the suit was brought was any deposit of money with the county treasurer made to pay the damages awarded to any person over whose land the road was to pass.

Mahoney was dissatisfied with the award of damages made in his favor, and gave notice of appeal, but this it seems he never prosecuted.

After this suit was instituted and writ of injunction issued, it is alleged that the County Commissioners Court took such steps as were necessary for the condemnation of roadway, of which plaintiff was duly notified, and under these proceedings established the line of road and made a special deposit of money with the county treasurer subject to plaintiff's order to satisfy the damages awarded to it, but the court sustained a demurrer to so much of the answer, and.on hearing perpetuated the injunction.

There are many questions presented in the brief of counsel for appellant which it will not be necessary to consider, for there are a few leading questions believed to be decisive of this appeal and of the merits of the case.

It seems to be urged that the Commissioners Court had no power under the act under which it was proceeding to act on the motion of the commissioners, and without petition, after the lapse of ninety days from the passage of the act, but we are of opinion that the second section of the act does not place such a limitation on the power of the Commissioners Court, and that it was intended thereby only to make it the duty of such courts to act within the ninety days prescribed —to act promptly—and that it was not intended to make the power of the court to act on its own motion dependent on its acting within ninety days after the act was passed.

Notice to the landowner is essential to legal condemnation, and while this may be served upon an agent of the owner, as prescribed by the statute, still a notice must be directed to the owner of the land.

The notice served on Mahoney in the first proceeding was only such a notice as it would have been necessary to serve on him had he been the owner of the land to be condemned. The claim made by him was in his own right and the damages awarded would have inured to his benefit alone. For want of proper notice to the owner of the land the county acquired no right under the first proceeding had to open the road, even had the deposit of money been made for the owner of the property as the statute requires. It follows from this that grounds for injunction existed when this suit was brought, and if the proceedings during its pendency did not operate a lawful condemnation, the judgment of the court below should be affirmed.

The fact that an ineffectual effort had been made before the suit was brought to condemn the land over which the road would pass to public use would not deprive the county of the power to institute proceedings pending the litigation, and to conduct them to a final termination, and thus acquire the right to use the land for the purpose contemplated, and if the right was thus acquired before the judgment in this case was rendered perpetuating the injunction, then such a judgment ought not to have been rendered.

The answer alleged facts which showed that the necessary steps had been taken during the litigation to confer on the county the right to use the land of the plaintiff for the public road, but the action of the court in sustaining the demurrer to the answer prevented appellants from presenting their defense.

The petition does not show that the road overseer was about to open the road in such manner as would in any manner interfere with the right secured by the fifth section of the act to the landowner for nine months to remove and adjust fences to the road to be opened, and it was the right of the county pending that period to have the road opened with passway through gates not less than twelve feet wide.

As the answer showed a valid condemnation of way for road through plaintiff's land, the court should have overruled the demurrer to so much of the answer as alleged this, and if upon trial the averments of the answer were sustained by proof it would be the duty of the court to dissolve the injunction, awarding to plaintiff, however, all costs incurred before the land was legally condemned to public use.

For the error of the court in sustaining demurrer to the answer, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 13, 1891.