# FIRST DISTRICT, 1895.

### JOSEPH KOPECKY V. J. R. DANIELS ET AL.

No. 732.

**1. Public Road—Report of Jury—Parol Evidence.**—The report of a jury to assess damages on the opening of a public road gave a general designation of the lands taken as "pasture." *Held*, that this did not show that the allowance made therein to plaintiff did not cover the cultivated part of his land which was also taken, and that evidence was admissible to show that it did.

**2. Same—Power of Court Without Application—Notice.**—Under the Act of February 5, 1884, the Commissioners Court may open up roads on its own motion and without application, and in such case it is not required that notice be given before the appointment of a jury of view to lay out and report the practicability of the proposed route.

APPEAL from Lavaca. Tried below before Hon. T. H. SPOONER.

*S. C. Patton,* for appellant.—1. The recitals in a judgment of a court of competent jurisdiction of the subject matter and the parties are conclusive of the matter therein stated. 1 W. & W. C. C., sec. 26; 3 Id., sec. 382.

2. The statute authorizing Commissioners Courts to open public roads on their own motion, not having in terms dispensed with the notice required in other cases, must under the law be construed strictly to require the notice. Const. 1876, Bill of Rights, sec. 19, note 83; Rhine v. City of McKinney, 53 Texas, 362, 363; Railway v. Ellis, 70 Texas, 310.

*Ellis & Allen* and *Paulus & Ellis,* for appellees.—1. The ruling complained of was entirely immaterial, as the judgment of the Commissioners Court, when considered as a whole, shows that the $100 damages assessed and allowed appellant was for the entire land of appellant as appropriated for said road.

2 The statute authorizing Commissioners Courts to open public roads on their own motion requires no notice to be given prior to the appointment of a jury of view in such cases. Rev. Stats., art. 4361; Acts 1884, p. 21; Evans v. Land Co., 81 Texas, 624; Decker v. Menard Co., 25 S. W. Rep., 728.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant obtained an injunction restraining appellee Daniels, as road overseer, and the other appellees, who were the county commissioners, from opening a public road which the Commissioners Court had undertaken to establish and ordered the overseer to open across appellant's inclosed lands.

The pleadings raised the questions discussed in the opinion. The cause was tried by the judge without a jury, and the injunction was dissolved and the case dismissed, and from this judgment this appeal was taken.

The facts show, that at the February Term, 1894, of the Commissioners Court of Lavaca County, a written application or motion was made by one of the commissioners, that a jury of view be appointed to view out a third-class road, over a route described, which was the same over which the road was subsequently established. This motion was adopted on the day when made, and an order entered describing the road as in the motion, and a jury of five freeholders was appointed as a jury of view, as well as a jury to assess damages, if any, occasioned by the laying out of said road, and was directed to proceed, after giving the five days' notice in writing, as required by law, to the landowners through whose land the proposed road might run; to lay out and describe the road (giving the statutory directions), and to report to the next term the practicability of making the proposed road. The jury so appointed, having taken the prescribed oath, gave the necessary notice to the landowners, including plaintiff, and the latter presented to them in writing a claim for $1500 as the damages to result to his land from the establishing of the road. This claim was considered, evidence heard, and the jury assessed plaintiff's damage at $100, and proceeded to lay out and designate the road as directed. On the 14th day of May, 1894, they made their report to the Commissioners Court, very fully showing their action in the premises, and recommending that the road be established. The road, as described by them, is as follows: "Beginning at a road donated by C. A. Kessler, on J. R. Daniels' line; thence east with said Daniels' line to corner of B. Lockhart league; thence north between Daniels' and Kopecky's 600 varas; thence on the most practicable route across Kopecky's land in a northeast course to intersect the Shiner and Yoakum road near the cattle guard on Kopecky's north line, where the S. A. & A. P. R. R. makes a curve." In regard to damages, the report says: "We the said jury laid out said road according to your instructions. We further state, that Kopecky lays claim for damages to the amount of $1500. No one else claimed damages. We the jury assess the damages of said Kopecky at $100." Further on the report says: "We would also further report, that having notified all parties interested of our intended meeting and of the purpose thereof, by giving five days' notice in writing to the landowners, as required by law, we did then and there hear all the testimony offered in relation to the damages sustained by the laying out of said road, and having taken into consideration, in our estimate, the advantages as well as the disadvantages resulting to each tract of land through or by which said road runs, by the establishment of the same, do assess the damages thereof due to each particular landowner, as follows:

| "NAME OF LANDOWNER. | DESCRIPTION OF LAND. | DAMAGES. |
|---|---|---|
| "Jos. Kopecky | Pasture | $100  00 |
| "J. R. Daniels | Pasture | |
| "H. G. Muellar | Pasture | |
| "Joe Neumann | Pasture | " |

The Commissioners Court, on May 14, 1894, entered an order setting forth and approving the report of the jury, and declaring the road as laid out a public road, and appointing Daniels as overseer of same. The order also provided for the payment to plaintiff, by the county treasurer, of the $100, allowed as required by law.

Plaintiff, in order to show that he had not been allowed compensation for all of his land over which the road ran, introduced evidence to show that it occupied 1⅕ acres of cultivated land, as well as 2⅘ acres of pasture, each worth $25 to $30 per acre.

The defendants were then allowed, over plaintiff's objection, to show that the quantity of land of each kind taken, was, as claimed by plaintiff, four acres in all, and that compensation was allowed for it at $25 per acre, both by the jury and by the Commissioners Court in passing upon their report, and that this was a fair valuation of the land taken.

It is stated in a bill of exceptions, that defendant was allowed, over objection of plaintiff that it was irrelevant, to introduce evidence to show that the value of plaintiff's land was probably enhanced by the opening of the road. This evidence does not appear in the statement of facts.

*Opinion.*—The first contention of appellant is, that the report of the jury and the order of the court show that no allowance was made for the cultivated land, but only for the pasture land taken, and that parol evidence was not admissible to contradict them.

We do not interpret the language used by the jurors to mean this. Taken all together, the report clearly indicates, to our minds, that the sum allowed was intended as compensation for all of the land taken for the road as marked out and described. The description of the road shows that it runs from one designated point to another, and whatever land is taken up by it is included in the allowance of damages. The word "pasture" is used simply as generally descriptive of the character of the land taken, and though it does not aptly include the cultivated land, it neither restricts the description given of the road, nor the assessment of damages. The evidence was in rebuttal of that offered by plaintiff, and, whether admissible or not, was immaterial.

The evidence objected to in the second assignment, to the effect that the opening of the road would enhance the value of plaintiff's land, was irrelevant, but was harmless, as the case depends upon a construction of the written proceedings, and could not be affected by it.

The only remaining question made by the assignments is whether or not the Commissioners Court had power under the statute to appoint

the jury of view without previous notice.    Under the Act of February 5, 1884, amending the Revised Statutes, we hold that no previous application and published notice was essential.

By the law as it was prior to those amendments, no provision was made for the opening of new public roads, except upon the application of eight freeholders.    Notice of an intended application of this character was required to be published by the persons making it, or one of them.    All of the provisions of the statute concerning notice refer to notice of the "application" by the persons making it.    Rev. Stats., art. 4361, et seq.

By amended article 4361 the provisions were added, that the commissioners should "act as supervisors of roads in their respective precincts," and the Commissioners Court was empowered "on their own motion, where deemed necessary, to open new roads."

By article 4390, added by the amending act, each commissioner, as road supervisor, was required to make a report in writing at the first term in each year, stating, among other things, "what, if any, new roads of any kind should be opened in his precinct."

These provisions are evidently intended to require the commissioners to inform themselves as to the needs of the public in this regard and to empower the court on its own motion to act as such information should suggest.    Nothing is said as to any notice before appointment of the jury.    The provisions authorizing the opening of roads on application of private persons are left in force, though the procedure after the appointment of the jury of view is altered, and wherever the amending article mentions the subject of notice prior to the appointment of the jury, the reference is to notice of the application in proceedings instituted by private persons.    The reason for this difference is obvious.    Where the court acts upon its own motion in instituting the proceedings, its members have satisfied themselves by their investigations that such action is proper, while in cases of private applications, the information as to the utility of the proposed road must come from others, and the provision for notice is made, in order that the hearing may be full, and that the court may get all proper information.

It may be that the court could not, without previous notice of some kind to property owners, pass an order which would have the effect to take their property for public use.    But the order which they first enter on their own motion has no such effect.    It is simply the commencement of the proceedings by which it is to be determined whether or not the road shall be established, and if so, what land shall be taken and what damage inflicted.    It has not even the effect of a final determination of the question whether or not the road shall be opened, though it seems to be settled that the Legislature could empower the court to determine that question without previous notice, the fundamental requirement of notice and a hearing to the person whose prop-

erty is to be taken applying only to the issue of compensation. Elliott on Roads, 153.

Before the property of the citizen can be affected, the jury are required by the statute to give notice and afford him a hearing, and it is only upon the coming in of the report, and in case, in the language of the statute, the court "shall approve the report and order the road opened," that it is established and the property taken or damaged. Rev. Stats., art. 4372; Acts 1884, p. 22.

Having received notice of the proceeding, at the stage at which his property rights are touched, the owner is afforded a full hearing before the jury. Their decision is not final, but still open to review before the Commissioners Court; and from the decision of that body an appeal is allowed upon the question of damages. In the procedure thus prescribed there is no violation of fundamental principles, and the question presented is simply one of construction, whether or not the statute requires notice of the purpose of the court to begin the proceeding, before the initial step is taken.

There is no such express requirement, and neither the language or reason of the provisions concerning applications by freeholders apply. Compare Revised Statutes, art. 4360, et seq., with amendments, Acts 1884, p. 21, et seq.; Evans v. Land Co., 81 Texas, 622; Decker v. Menard Co., 25 S. W. Rep., 727.

The judgment is affirmed.

*Affirmed.*

Delivered January 10, 1895.