### D. P. STEWART ET AL. v. EL PASO COUNTY ET AL.

Decided July 1, 1910.

**1.—Public Road—Alteration—Commissioners' Court—Power.**

A County Commissioners' Court has the power to institute condemnation proceedings upon their own motion to alter by widening a public road which had been acquired by purchase and not by statutory proceedings; and neither the fact that a majority only of the commissioners consented to the condemnation order, nor the fact that the jury of view did not act in conjunction with the county surveyor would invalidate the judgment of condemnation.

**2.—Same—Injunction.**

A petition for a temporary injunction restraining a Commissioners' Court from condemning land for the purpose of widening a public road, on the grounds that the final order of condemnation was not rendered at a regular term of the court; that the jury of view did not make their report to the next regular term of the Commissioners' Court; that the commissioners did not make a full investigation of the proposed alteration in the road, and did not find that the public interest would be better served by such alteration; and that the minutes of that term of the Commissioners' Court were not signed, considered, and held insufficient to show cause for the issuance of the injunction.

**3.—Same—Condemnation—Effect.**

By condemnation proceedings for road purposes an easement only is obtained in the land, and this legal effect can not be affected by the form of the report of the jury of view.

**4.—Same—Purpose of Condemnation.**

A Commissioners' Court having the power to condemn land for the purpose of widening a public road, the fact that the court may intend to permit the road, as widened, to be used by a street railway, is immaterial.

Appeal from the District Court of El Paso County. Tried below before Hon. A. M. Walthall.

*D. Storms* and *Atlas Jones*, for appellants.

*Richard F. Burgess* and *E. B. Elfers*, for appellees.—The Commissioners' Court is authorized by statute to alter a public road by adding thereto a strip for the purpose of increasing the width, and can take such action on its own initiative. Sayles' Rev. Stats., arts. 4671, 4712, and art. 1537, secs. 3 and 6; Kopecky v. Daniels, 9 Texas Civ. App., 305.

The Harts Mill-Courchesne was an existing public road but it does not fall within the class of public roads named in art. 4672, Sayles' Rev.

Stats., as construed by the Supreme Court. Morris v. Cassidy, 78 Texas, 515.

The mere widening of a public road is not such a change or alteration as contemplated by art. 4672, Sayles' Rev. Stats.

An order of the Commissioners' Court is a judgment with all its incidents, and mere irregularities in its entry on the minutes can not be attacked in a collateral proceeding. Callaghan v. Salliway, 5 Texas Civ. App., 239; Vogt v. Bexar County, 16 Texas Civ. App., 570; Brennen v. Bradshaw, 53 Texas, 330.

The provision that the county surveyor shall cooperate with the jury of view is directory merely. Onken v. Riley, 65 Texas, 468.

The fact that the jury of view made their report and that it was adopted by the Commissioners' Court before next regular term of said court, will not render the proceedings void. Terrell v. Tarrant County, 8 Texas Civ. App., 563; Brennen v. Bradshaw, 53 Texas, 330.

The provision in art. 4672 of Sayles' Rev. Stats. requiring the unanimous consent of all the commissioners elected, has no application to the mere widening of a road such as the Harts Mill-Courchesne Road. Morris v. Cassidy, 78 Texas, 515.

A county can not acquire more than an easement over land which it condemns for road purposes; and hence it was correct, though immaterial, for the jury of view to so describe it.

When a judgment has been rendered by a court having jurisdiction over the parties and the subject matter, the motives and purposes of the court can not be reviewed in a collateral proceeding, unless they affirmatively appear on the face of the record.

JAMES, CHIEF JUSTICE.—This is an appeal from the refusal of a temporary injunction.

It appears that there was a narrow road in existence which had been acquired by the county by purchase, and the Commissioners' Court, upon their own initiative, began proceedings and condemned a certain strip of land approximately 13 feet wide by about 1300 feet long, belonging to appellants, in order to widen said road, and from which condemnation proceedings an appeal was taken and is pending.

The appellants filed their petition in the District Court for injunction, alleging matters concerning the proceedings which they claimed rendered the same a nullity.

The first assignment of error alleges that the condemnation judgment is a nullity because no notice by advertisement or otherwise was given of an intention to apply for or to make the alteration by any one; because the Commissioners' Court did not make a full investigation of said alteration, and did not find that the public interest would be better served by said alteration; because the alteration was not by unanimous consent of the commissioners; because the minutes of the court are not signed by the county judge and attested by the clerk; because the last

order was not passed at a regular term; and because the jury of view did not lay out said alteration with the county surveyor; and did not make their report to the next regular term of the Commissioners' Court.

We conclude that it was within the power of the Commissioners' Court to institute the condemnation proceedings upon their own motion, the road in question proposed to be altered being one acquired by purchase and not by statutory proceedings. Morris v. Cassidy, 78 Texas, 515; Kopecky v. Daniels, 9 Texas Civ. App., 305 (29 S. W., 533). Also that the commissioners were empowered to condemn the strip in order to alter the road by widening it, under articles 1537 and 4671, Sayles' Rev. Stats. That the fact that a majority only of the commissioners consented to the condemnation order does not invalidate the judgment, the alteration in this case not being of a road acquired by the county through statutory proceedings. That the fact that the jury of view did not act in conjunction with the county surveyor did not render the proceedings void, see Onken v. Riley, 65 Texas, 468; and the allegation that the final order of condemnation was not rendered at a regular term was not sufficient to justify the granting of an injunction, in view of the fact that by article 1533, Sayles' Rev. Stats., special terms of the Commissioners' Court are authorized to be called, and the allegations of the petition as to regular term relate, presumably, to regular terms as distinguished from special or called terms.

As to the allegation that the jury of view did not make their report to the next regular term of the Commissioners' Court, we observe that after the order was made appointing them, the court adjourned *sine die*. And, in any event, the fact being that appellants, the owners, appeared before the court and contested the order entered upon the report, such matters do not operate to vitiate the proceedings. The allegations that the commissioners did not make a full investigation of the alteration and did not find that the public interest was better served by the alteration, we think are no grounds for injunction. The judgment recites that it appeared that the strip was needed for road purposes. That the matters relating to the subject were considered by the court is involved in, and evidenced by, the adjudication itself, and it can not be held that the judgment was void because the Commissioners' Court should have given the matters more consideration than they did. The allegation that the minutes were not signed, is of no force as it is not alleged that the order was not in fact made, and it appearing from the petition that an appeal was taken from the judgment, which could not be unless the judgment had been legally pronounced.

The second assignment is that the court erred in refusing the injunction for the reason that the first order did not authorize the jury of view to lay out an easement of any kind, while said jury laid out an easement and such easement was condemned by the court in its final order. The jury reported describing part of the width of the strip by field notes and what they designated a "description for deed," and part by field notes of what they called "description for easement." The court

condemned the whole, and compensated for the whole. By condemnation for road purposes an easement only is obtained, hence the form in which the subject matter was reported and adjudged, designating what was to be taken, is immaterial.

The third assignment is that the county could not take the land for the benefit of the El Paso Electric Ry. Co., a private corporation. The purpose of the condemnation was to widen the road, which, as we have seen, was a matter within the powers of the court. That the court may have had an intention, immediately or ultimately, to permit the road as widened to be used for street railway purposes, was immaterial to the exercise, of the power.

We find no error and affirm the order denying the injunction.

### ON MOTION FOR REHEARING.

The transcript was not returned with the motion, and the court having reached the point of adjournment, we pass upon the motion without having it before us. If, as stated in the motion, we were mistaken in saying that the county obtained the Harts Mill-Courchesne Road by purchase, and in stating that the owner appeared before the Commissioners' Court when it made the order of condemnation, the matters are not material. The road was, admittedly, not acquired through statutory provisions. There does not appear to have been an omission or denial of anything that was substantial in the proceeding leading up to the condemnation order, and unless some such defect is apparent in the proceedings, injunction does not lie. If order was made at neither a regular nor called term of the court, a fact which the record here does not disclose, the matter, if shown on the final hearing, will doubtless be dealt with properly by the trial court. Motion overruled.

*Affirmed.*

Writ of error refused.