## WHALEY FARM CORPORATION v. ROBISON et al.

### No. 3784.

Court of Civil Appeals of Texas. Texarkana.
Feb. 7, 1930.
Rehearing Denied Feb. 20, 1930.

244

Leachman & Gardere and R. T. Bailey, all of Dallas, and Sid Crumpton, of Texarkana, for appellant.

O. B. Pirkey, of New Boston, for appellees.

WILLSON, C. J. (after stating the case as above).

We think appellant's contention that the commissioners' court could order a public road opened only after its power to do so had been invoked by a petition of at least eight freeholders of the precinct in which it was proposed to open the road, and could not on its motion (as it appears it attempted to in this case) open such a road, should be sustained. Therefore it will not be necessary in disposing of the appeal to discuss or even state the many other contentions presented in appellant's brief; for if said court was without power on its own motion to open the road, the order by which it undertook to do so and all the proceedings subsequent thereto were void, and appellant was entitled to relief it sought.

Article 6703, Rev. St. 1925, so far as pertinent to the question presented, is as follows: "The commissioners' court shall order the laying out and opening of public roads when necessary, and discontinue or alter any road whenever it shall be deemed expedient." Article 6704 requires commissioners' courts to classify in a way specified "all public roads in their counties." Article 6705 is as follows:

"The commissioners' court shall in no instance grant an order on an application for any new road, or to discontinue an original one, or to alter or change the course of a public road, unless the applicants have given at least twenty days notice by written advertisement of their intended application, posted up at the court house door of the county and at two other public places in the vicinity of the route of such road. All such applications shall be by petition to the commissioners' court, signed by at least eight freeholders in the precinct in which such road is desired to be made or discontinued, specifying in such petition the beginning and termination of such road, provided an application to alter or change a road need not be signed by more than one freeholder of the precinct." Article 6706 provides that "all roads ordered to be made shall be laid out" by a jury of five freeholders in the county appointed by the commissioners' court. A part of article 6713 is as follows: "Except when road commissioners are employed, the county commissioners shall be supervisors of public roads in their respective counties, and each commissioner shall supervise the public roads within his commissioners' precinct once each month. He shall also make a sworn report to each regular term of the commissioners' court held in his county during the year, showing: * * * 5. What, if any, new roads of any kind should be opened in his precinct, * * *. Said report shall be spread upon the minutes of the court, to be considered in improving public roads and determining the amount of taxes levied therefor."

The contention of appellees, in support of the correctness of the conclusion reached by the trial court that a right existed in the commissioners' court on its own motion to order the road opened, is that such a right was conferred by the part of article 6703 set out above. It is argued that the words "shall order," used in that article, are mandatory and made it the duty of the commissioners' court to inform itself as to the necessity for new roads, and, having determined one was necessary, on its own motion to order it laid out and opened. But we think the argument is not convincing when said article 6703 and article 6705 and others constituting chapter 2 of title 116 of the Revised Statutes of 1925 are considered together, as they should be. It will be noted that said article 6703 imposes the duty in question, but says nothing about how the commissioners' court is to know when a new road is necessary, and does not point out how the court, having determined one was necessary, should proceed in laying out and opening it. But article 6705 does provide a way in which the court can acquire such knowledge, to wit, by a hearing on a petition filed by freeholders in the precinct where it is proposed to open the new road; and that

article and others following it do point out procedure for laying out and opening the road found to be necessary. As we view the matter, the purpose of article 6703 was to impose the duty and confer power on the commissioners' court to open a new road when necessary, and the purpose of article 6705 and articles following it in said chapter 2 of title 116 was to provide procedure for invoking the power conferred and discharging the duty imposed.

Appellees cite Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162, 1163, and Kopecky v. Daniels, 9 Tex. Civ. App. 305, 29 S. W. 533, as cases supporting their contention. The statute the court undertook to construe in the Haverbekken Case was article 6860, Rev. St. 1911, being section 21 of the act 1889, as follows: "The commissioners' courts of the several counties shall have full powers and it shall be their duty to order the laying out and opening of public roads when necessary, and to discontinue or alter any road whenever it shall be deemed expedient as hereinafter prescribed."

It will be noted that the only material difference in the language used in the article of the 1911 Statutes, just set out, and article 6703 of the 1925 Statutes in question here, is that the last three words, to wit, "as hereinafter prescribed," in the former, are not in the latter. In the Haverbekken Case the Supreme Court said: "Article 6860 does not of itself, in our opinion, confer upon the Commissioners' Court any authority to open a new road of its own motion." Doubt as to what the Supreme Court meant by the statement just quoted from its opinion arises from the fact that the court seems to have thought the words "as hereinafter provided," mentioned as in article 6860, Rev. St. 1911, and not in article 6703, Rev. St. 1925, had the effect to deny the commissioners' court a right it otherwise would have had conferred upon it by said article 6860, Rev. St. 1911, to order the opening of a new road on its own motion. The part of the court's opinion creating the doubt is as follows: "Its (Article 6860, R. S. 1911) office was to confer upon the Commissioners' Courts the general powers they were to possess in relation to public roads. But it imposed the express limitation that the exercise of those powers should be 'as hereafter prescribed.' The effect of this limitation is to directly point to the succeeding articles of the chapter for the procedure necessary to a valid use of the powers conferred in respect to the several classes of roads with which the chapter deals."

Appellees seem to view the language quoted as a holding that the effect of article 6860, Rev. St. 1911, would have been to empower the commissioners' court to open a new road on its own motion but for the concluding three words thereof, and therefore as authority for their contention; those words having been omitted from article 6703, Rev. St. 1925. But we think the basis for the holding in the Haverbekken Case, when all the Supreme Court said in its opinion is considered, was the power expressly conferred by other articles than article 6860 of the Revised Statutes of 1911 on the commissioners' court on its own motion to order the opening of a new road. And so as to the holding of the court in Kopecky v. Daniels, and in Schlinke v. De Witt County (Tex. Civ. App.) 145 S. W. 660.

■ In the instant case such power did not exist in the commissioners' court unless it was conferred by said article 6703, Rev. St. 1925, and no contention to the contrary is made here. The only thing we have found in any of the articles (other than 6703) of the statute governing the opening of new roads, which we think can with any degree of plausibility be so construed as to support appellees' claim, is the provision in article 6713, Rev. St. 1925, set out above, requiring each commissioner to report "what, if any, new roads of any kind should be opened in his precinct." And we think consideration that provision otherwise might be entitled to should be denied it because of the provision that such report of a commissioner should be spread upon the minutes of the court "to be considered in improving public roads and determining the amount of taxes levied therefor." We think the fact that purposes for which the report was to be considered were specified indicated the intention of the Legislature that the report was not to be considered for other purposes.

■ Express power to order a new road opened on its own motion was not conferred upon the commissioners' court by article 4360, Rev. St. 1879, which was identically the same as article 6703, R. S. 1925, in question here. Such power was first conferred by the Act 1884, articles 4675 and 4682, Rev. St. 1895. We think the fact that the Legislature deemed it necessary in passing the Act of 1884 to expressly confer such power on the commissioners' court indicates it thought such power did not exist in said court by force of said article 4360, Rev. St. 1879; and we think, further, that the fact that the Legislature adopted the Revised Statutes of 1925, including said article 6703, identically the same as article 4360, R. S. 1879, as before stated, and failed to expressly confer such power on the commissioners' court in any other article of said 1925 statutes, indicates the legislative intent to have been to deprive the commissioners' court of the right expressly conferred upon it by the amended or repealed statutes to order the opening of a new road upon its own motion.

It follows we think the judgment of the court below should be reversed, and judg-

ment rendered here awarding appellant a writ of injunction restraining appellees from proceeding further under said order of August 13, 1928, providing for the opening of the road in question.