S. I. Robison et al. v. Whaley Farm Corporation.

No. 5714. Decided April 1, 1931.
Rehearing June 24, 1931.
(37 S. W., 2d Series, 714.)

634

*Pirkey & Atchley,* for appellant.

The service by the sheriff upon the jury of view of their commission to act as such jury of view is not jurisdictional, and can be and was waived by said jury of view when a majority of them accepted said commission, took the oath and performed the duty required of them under such appointment.

Articles 6703 to 6710, Civil Statutes of Texas, 1925, fully authorizes the commissioners court on their own motion to invoke its jurisdiction upon motion of its members, when necessary. Appoint a jury of view of five members, three of whom may act, and when three of said jury so appointed by the court take the oath, lay out the road, survey and mark same so that it can be traced with certainty and make their report to the next term of said court, including the field notes and description of the road, and when said report is adopted by the commissioners court, same fully satisfies the law in the matter.

Article 6703 provides a manner for proceedings by the commissioners court without petition, to establish a public road. It is given full and complete jurisdiction of the subject matter, and is for the benefit of the

public generally, acting through the commissioners court. Article 6705 provides a method for individual citizens to initiate the move for the road where the commissioners court does not consider the road of sufficient importance to act on its own motion, each method serving a useful purpose, and when the matter is taken up in either manner the court has jurisdiction of the subject matter. When the appellant was served with notice by and presented its claim to the jury of view, and renewed and urged it before the commissioners court on the hearing of the report of the jury of view, it gave the court jurisdiction to hear and determine its claim for damages, which is all that it had a right to be heard on.

Where a party seeks by injunction to close a road that is being used by the public and has been so used for a period of more than fifty years, and seeks to prevent the removal of obstructions placed therein, the person seeking the injunction must plead and prove that said road had not become a public road in any manner, and a failure to prove or attempt to prove that said road was used by permission of the owner during said period of time, the injunction should fail.

Appellees counter proposition No. 1 covers propositions 1, 2 and 3 of appellant, in which it is asserted that under article 6702, 6720, 6710, R. C. S., 1925, which pertains to roads, no authority is given the commissioners court to order opening of a road except on a petition of eight freeholders. The position assumed by appellee, being that article 6703 gives the court full power to open public roads when necessary, and that the commissioners court does not sit with its hands tied until eight freeholders of a precinct shall petition the court for a road. That when necessary the commissioners court on its own motion can appoint a jury of view to lay out a road; that this was done; that the statutory number, a majority of said jury of view took the oath, notified appellant; that they laid out and marked the road as directed, made their report to the next term of the commissioners court, and on September 10th, the next term of said court, the court approved the report of the jury of view and established the road. Haverbekken v. Hale, 204 S. W., 1162; Kopecky v. Daniels, 29 S. W., 533; Senalling v. Senalling, 3 S. W. (2d) 840.

*Leachman & Gardere* and *Sid Crumpton,* for appellee.

The only power of the commissioners court to open roads and condemn property for that purpose is that given it by statute. Those statutes dealing with opening of roads are articles 6703 and 6710, which are construed strictly in favor of the landowner whose property is being condemned. Prior to 1925 the Commissioners court had the power to open roads of its own motion, which authority was specifically given it in undeniable terms.

Article 6860 (now 6703) reads as follows: "The Commissioners Court of the several counties shall have full powers and it shall be their duty to order the laying out and opening of public roads where necessary,

and to discontinue or alter any road whenever it shall be deemed expedient as hereinafter prescribed."

This article was carried forward in the 1925 codification as article 6703.

The Supreme Court of Texas in the case of Haverbekken v. Hale et al., 204 S. W., 1162, states on page 1163, that: *"Article 6860 does not of itself, in our opinion confer upon the Commissioners Court any authority to open a new road of its own motion.* Article 6871 does confer such authority. It relates to a condition where the Court may act of its own accord."

Old article 6871 contained the following clause: *"And Commissioners Courts may, on their own motion, where it is deemed necessary, open new roads, or straighten existing ones."*

This clause is wholly omitted from the 1925 revision. Nowhere in the statutes can such authority now be found. Yet the Supreme Court says this language alone empowered the commissioners court to open new roads of their own motion.

This construction is reinforced by section 2, of the final title of the 1925 revisions reading as folows: "Section 2—repealing clause. That all civil statutes of a general nature enforced when the revised statutes take effect and which are not included herein, or which are not expressly continued in force, are hereby repealed."

Appellant respectfully submits that the commissioners court has not the power to establish or open roads of its own motion, since the 1925 revision of the statutes took effect. What other purpose could there have been in omitting the clause which prior to the revisions alone gave them that power?

That the power of the commissioners courts to open roads of their own motion has been destroyed is recognized in the case of Haverbekken v. Coryell, 290 S. W., 573, decided in November, 1926.

The undisputed evidence, admissions of appellees and trial court's findings of fact are to the effect that:

(1) The county clerk did not deliver to the sheriff duplicate copies of the order of appointment of the five freeholders constituting the jury of view.

(2) The jury of freeholders, consisting of five persons, were not served with notice of their appointment by the sheriff.

(3) That only three of such jurors were ever sworn at all.

(4) That only two, so sworn, and one not sworn or served went over the proposed route, and only part of that, to lay out the road.

The appellees contended in the trial court that for various and sundry reasons the above failures to strictly comply with the statute were waived or immaterial. The trial court agreed with such excuses. Articles 6706, 6707, Rev. Civ. Stats., 1925.

Mr. Presiding Commissioner SHORT delivered the opinion of the court.

This law suit arose out of the attempt of the commissioners' court of Bowie county to lay out a public road between two points about six miles in length, a small portion of which crossed land belonging to the defendant in error, and was commenced by the latter in the form of an application for an injunction which was granted by the district court of Bowie county. Upon a trial before the court, without the intervention of a jury, wherein the findings of fact and conclusions of law were filed by the trial judge, the injunction was dissolved, but upon appeal to the Court of Civil Appeals at Texarkana, a supersedeas bond having been given in the meantime, the judgment of the district court was reversed and judgment rendered in favor of the defendant in error, perpetuating the injunction. 25 S. W. (2d) 242. The plaintiffs in error have been granted a writ of error.

The first assignment of error is to the effect that the Court of Civil Appeals erred in holding, as it did, that the commissioners' court, which assumed upon its own motion, without any application having been filed to institute proceedings, having for their ultimate purpose the establishment of a public road across lands belonging to individuals, necessarily including the condemnation of such lands for public use, was without lawful authority to do so.

The Court of Civil Appeals did not discuss any other question after having reached the conclusion that the commissioners' court was without power of its own motion to establish a public road, but having reached this conclusion it very properly reversed the judgment of the district court, and rendered a judgment in favor of the defendant in error. While we have reached the conclusion that the judgment of the Court of Civil Appeals should be affirmed upon other grounds than those upon which it based its decision, yet the holding of the Court of Civil Appeals, that a commissioners' court has no authority to lay out a public road, upon its own motion, is a matter of so much public importance that we think the question should be discussed and decided.

Article 5, section 18 of the Constitution provides that: "The Commissioners' Court shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." Article 2351, R. S., 1925, is as follows: "Each Commissioners' Court shall * * * lay out and establish, change and discontinue public roads and highways," etc. Article 6703, among other things, provides that: "The Commissioners' Court shall order the laying out and opening of public roads when necessary." It also provides that the commissioners' court, when it shall be deemed expedient, shall discontinue or alter any public roads under certain circum-

stances not necessary to mention, but which are specifically stated in this article.

The establishment of highways is primarily a function of government which belongs to the state, and the right to establish them resides primarily in the Legislature, which can do anything with reference thereto, which is not prohibited by the Constitution. Robbins v. Limestone County, 114 Texas, 345, 268 S. W., 915. The Legislature has declared in so many words that whenever the commissioners' court shall deem it necessary to do so, it has the power to lay out a public road. The other part of this article has reference to the discontinuance or altering of a road already public, and the court is given authority to do this, when it shall deem the same to be expedient, under certain restrictions named in the article, and which are not involved in this law suit. In Haverbekken v. Hale, County Judge, 109 Texas, 106, 204 S. W., 1162, the facts show that the controversy grew out of an order made by the commissioners' court on the *application of others,* though it also appears that the application for the road was not signed by the requisite number of freeholders. Chief Justice Phillips in writing the opinion, in answer to certified questions, lays great stress upon three words in article 6860 of the R. S. of 1911, which do not appear in the revision of 1925, holding that these words especially limited the powers of the commissioners' court to the provisions of that article, in so far as the same related to second and third class roads, in one of which classes is the road involved in this proceeding. Since the revision of 1925 does not contain these words and since they were construed before said revision occurred, we conclude that the revisors of the code of 1925 had this construction of the statute in view when they eliminated from the previous statute these words, to-wit, "As hereinafter prescribed."

Judge Williams, speaking for the Court of Civil Appeals in Kopecky v. Daniels, 9 Texas Civ. App., 305, 29 S. W., 533, discusses the law as it existed previous to the revised code of 1925, and reaches the conclusion that the commissioners' court had the power of its own motion to lay out public roads when necessary, though it also had the power, under certain restrictions, to do so, upon the application of private persons. Chief Justice Phillips, in his opinion, written after the statutes of 1895 had been adopted, shows incidentally that this identical question was not involved and that what he said referred to the necessary procedure where private persons had made an application to the court to open a public road, while the opinion rendered by Judge Williams shows the question was directly involved. We think the opinions in these cases are correct and in entire harmony when each is considered in the light of its facts. However, should we assume that the words, "As hereinafter prescribed", under the old law, did confine the power of the commissioners' court to the provisions of the law, following article 6860, R. S., 1911, we feel, in

view of the Costitution and of the statutory law now in force (Rev. St., 1925, art. 6703), relating to the question under discussion, justified in concluding that the commissioners' courts do have power of their own motion, when the necessity in their opinion exists, to order the laying out and opening of a public road of the second and third class, as well as of the first class, subject to the rights of owners, however, to erect gates across a third class road. While the commissioners' court has this power to act upon its own motion, it also has the power to act in the premises upon the application of free holders to lay out and open a public road, subject, of course, to the provisions of the law with reference thereto. We therefore think that the Court of Civil Appeals erred in holding that the commissioners' court of Bowie county did not have the power of its own motion to institute the proceedings which were instituted.

While we think the commissioners' court had this power, we are also of the opinion that the *manner* in which the record shows it exercised this power, when strictly construed, as, in duty bound, the courts must do, did not have the legal effect to deprive the defendant in error of its property, and, of course, did not have the legal effect to appropriate this property to the use of the public for road purposes. The trial judge, among other things, found that the commissioners' court appointed five individuals as a jury of view, only three of whom took the oath of office, and only two of whom actually viewed the land sought to be appropriated, and none of whom were actually served with a notice, which the law required the clerk to issue, and the sheriff to serve. It does appear, however, that the third member, who did not view the land, and who signed the report with two other members, had a general personal knowledge of the land sought to be appropriated.

The power thus to appropriate lands of an individual for the use of the public, by the commissioners' court, is undeniable, but in order to do so, the statutes, with relation thereto, must be complied with. A land owner cannot prevent the exercise of this power, but he can demand that the exercise thereof be in strict conformity with the provisions made by the Legislature. Since, by the Constitution and statutes of this state, the district court has supervisory control over the commissioners' courts, an equitable suit for injunction brought in the district court is a direct attack upon all the proceedings of the commissioners' court, with reference to establishing a public road and taking land for that purpose." Crawford v. McDonald, 88 Texas, 626, 33 S. W., 325; Haverbekken v. Hale, supra.

Where it appears, as it does in this case, affirmatively, that some of the members of the jury of view did not serve, and also that while three of the members took the oath of office and signed the report filed with the commisioners' court, only two of the five members actually traversed the land sought to be appropriated, it is clear that the provisions of the

law were not strictly followed in these particulars. Besides the record also discloses that there are other provisions of the law which we think are mandatory and which were not followed, but which we do not think it necessary to discuss, in view of the disposition we shall make in the case.

In McIntyre v. Luker, 77 Texas, 259, 13 S. W., 1027, 1028, the Supreme Court of this state, among other things, said: "The statute providing for the establishment of public roads rests upon the right of eminent domain and the well-established doctrine that the undisputed interest and the will of the citizen must yield to the necessities and convenience of the public. In authorizing the appropriation of individual property for the public use the constitution and laws have prescribed certain conditions and procedure which must be strictly observed and performed." Where the law requires the jury of view to meet, after the members have been notified of the meeting, and where it appears that there has been an omission to give this notice to all the members and only a part of the members of the jury of view met and participated in the proceedings, this situation renders null and void what a part of the members of the jury of view did. The mere attendance of a quorum, under such circumstances, does not constitute a legal body but every member has a right to be present and participate in what shall be decided to be done. McQuillen on Municipal Corporations, vol. 2, sec. 603, p. 403; Elliott, Roads and Streets, 218, 219; Lewis on Eminent Domain, par. 605. In Vogt v. Bexar County, 5 Texas Civ. App., 272, 23 S. W., 1044, an opinion by the Court of Civil Appeals, wherein a writ of error was refused, discusses at great length the necessary steps which must be taken by the commissioners' court before its proceedings become legally sufficient to deprive an owner of private property of his ownership and to appropriate the same to the public use. The trial judge found that the road, as ordered opened, would cross a strip of land *owned* by the defendant in error and yet, in the next paragraph also found that this road had its beginning as a road used by the general public for all purposes, since the year 1888 and probably previous to that time. Taking these two findings of fact, in view of the whole record, we necessarily reach the conclusion that the trial judge did not intend to find that the strip of land in controversy had been acquired from the owner by prescription. The general rule is that before a highway can be established by prescription it must appear that the general public, under a claim of right, and not by mere permission of the owner, use some defined way, without interruption or substantial change, for at least the longest period of limitation prescribed by statute in an action involving the title to land. Elliott, Roads and Streets, p. 137; Cunningham v. San Saba County, 1 Texas Civ. App., 480, 20 S. W., 941.

Since the record shows without dispute that only three of the members of the jury of view were ever sworn, and that only two of the three

who had been sworn actually participated in viewing the land sought to be appropriated, and since we have reached the conclusion that these are mandatory provisions of the law, while we think the ground upon which the Court of Civil Appeals reversed the judgment of the district court and rendered the case in favor of the defendants in error is not a correct one, yet we are of the opinion that the judgment of the Court of Civil Appeals should be affirmed and it is so ordered.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.

ON REHEARING.

The plaintiffs in error have filed a motion for rehearing in this case, which has received our careful consideration and which we overrule. In doing so, however, we think it proper to say that the original opinion does not preclude the commissioners' court of Bowie county from instituting condemnation proceedings of the land for road purposes, provided only that it does so in the manner prescribed by statute. Neither does the original opinion preclude Bowie county or those of its citizens interested in the subject matter, from prosecuting a suit against the defendant in error, based upon the contention that Bowie county, and its citizens interested, have acquired by prescription, all or any portion, of the strip of land in controversy in this case at this time. The original opinion merely holds, on this subject, that the record does not affirmatively show that the trial judge, who tried the case without the aid of a jury, intended to hold, as a fact, that any portion of the land in controversy had been so acquired. Moreover, it further appears from the record that if the district judge had so intended to so hold the pleadings were not sufficient to identify the strip of land so claimed to have been acquired by prescription.

---

*This volume completes the editorial work of the late Judge A. E Wilkinson, who for the past thirty-five years has been the efficient reporter for the Supreme Court of Texas. During this time he has edited volumes 89 to 120, both inclusive, of the Texas Reports.*