### DORTCH v. SHERMAN COUNTY et al.
### No. 5883.

Court of Civil Appeals of Texas. Amarillo.
June 21, 1948.

pellant, M. Dortch, against appellees, Sherman County, Texas, and the members of the Commissioners Court of the said county, on February 28, 1947, but the issue finally presented to this Court on appeal is ths question of whether or not appellees have acquired a public road by prescription over and across two sections of land situated in Sherman County and owned at the time by appellant.

On March 21, 1947 appellees answered with a plea of not guilty and a general denial. Thereafter on June 21, 1947 appellees filed an application for injunctive relief, alleging in effect that in the year 1906 the Commissioners 'Court of Sherman County had legally laid out and ordered opened a public highway along the east boundary lines of the two sections of land in question owned then by one of appellant's predecessors in title, but the court later found that a portion of the road selected by the jury of view was impractical for road purposes because of the existence of natural barriers, as a result of which they varied the route a little westward of the east section lines of the said land and located the road as near as practical to the said east section lines there to meet the urgent necessity for a public highway; that such was there established on a definite route by authority and permission of the then owners of the said two sections of land and thereafter the same was graded and continuously used as a public highway; that on June 17, 1947 appellant, who had recently acquired ownership of the said two sections of land, had it interfered with the efforts of appellees' agents to maintain and repair the said public highway across the said two sections of land, for which reasons appellees sought to have appellant restrained from such interferences. The trial court granted a temporary restraining order as requested and set the matter down for an early hearing on the issues at which time the parties appeared and agreed that the temporary restraining order may remain in force; and in order to meet the urgent needs to market grain by local farmers during the summer harvest of 1947, it was further agreed that appellees' agents may complete the construction of a bridge across Beaver Creek on appel-

F. H. Richards and Art Schlofman, both of Dalhart, for appellant.

Frank M. Tatum, of Dalhart, and E. E. Coons, of Stratford, for appellees.

PITTS, Chief Justice.

This appeal is from an action in the nature of trespass to try title filed by ap-

lant's said land to replace a bridge that had previously washed out and that appellees' said agents might do light repairs on the said public highway in order that the public may use the said bridge and the said highway to harvest and market the season's grain crop; and it was further agreed that the issues in the case would be heard after the harvest season for 1947 was over. The trial court approved the agreement and entered its order accordingly.

On January 19, 1948 the parties joined issues on the question of whether or not appellees have acquired the public highway by prescription, with each party asking for injunctive relief against the other, and appellees sought to apply the doctrine of estoppel. The case was heard before a jury and both parties asked for a peremptory instruction. The trial court overruled appellant's motion for a peremptory instruction but instructed the jury peremptorily for appellees and entered its judgment accordingly defining the road sixty feet wide by metes and bounds as prayed for by appellees from which judgment appellant perfected his appeal. Appellant attacks the action of the trial court for instructing the jury for appellees rather than for him and he charges also that the trial court erred in refusing the admission of certain testimony offered by appellant.

At the beginning of the trial it was agreed by stipulation that a map showing the location of the public road across the two sections of land was made by Harvey Schmidt, a consulting engineer and surveyor, and that if Schmidt were present he would so testify and that he would further testify in effect that the said map correctly represented conditions on the ground. Other material matters that are not contested were agreed to by stipulation. Appellant then offered in evidence his chain of title to the two sections of land showing that he acquired the same on February 21, 1944. He then offered a report of a jury of view of date November 12, 1906, approved by the Commissioners Court of Sherman County on the same date, establishing a public road along the east line of the said two sections of land, after which appellant rested.

Appellees offered the testimony of several citizens who had lived in Sherman County for many years, most of whom had served as county officials of the said county for long periods of time and were well acquainted with the use of the said road in question from its origin or for a period of many years at least. There is little, if any, controversy between the parties about the law that controls the questions here presented and the controlling facts are not controverted. Some discrepancies about nonessential matters can be found in the testimony of some of the witnesses but the testimony of each corroborates that of the others on the material issues. Their testimony covers more than one hundred pages but we find as a result of a careful examination of all of the evidence that the section of road in question was a part of a public road leading from Stratford, the county seat of Sherman County, north to the Oklahoma State line where it connected up with a system of public roads in that State; that the original road had been laid out by a jury of view as heretofore stated; that the route selected by the jury of view had some natural barriers that would have made it expensive and impractical to have tried to build a road over it with the kind of road equipment then available, for which reason the road for the use of the general public deviated a little from the original road site except for a short distance at each end of the original site selected by the jury of view; that the line established followed the original site for a short distance at each end while the remaining part deviated therefrom but was in the same general direction and practically parallel to the original site selected by the jury of view; that the road site selected was continuously used, with a few slight deviations made in the route, from a date prior to the year 1915 until the filing of this suit, and subsequently thereto by order of the trial court, except for a slight change made in the road approaching the location of a new bridge built in 1937 across Beaver Creek, which change was made by mutual agreement between the Commissioners Court and the owner of the land at that time, and except for a slight change made in the route by appellant, who

built a lane and changed a part of the road slightly after he bought the land; that beginning as early as 1918, the road as used was consistently graded, maintained and kept in repair from year to year under the direction of the Commissioners Court and by the use of public money; that culverts were put in as needed and bridges were built by the duly elected County Commissioner of that precinct and the road and bridges were used by the general public in going to and from their market in Stratford; that, at various times, the bridge built on the said road across Beaver Creek, which traversed the said land, washed out but such was replaced by the Commissioners Court at the expense of the county; that a bridge washed out across the said creek in 1936 and by mutual agreement of the Commissioners Court and the then owner of the land the bridge site was moved a short distance up the creek and the road approach thereto was changed accordingly; that thereafter the bridge washed out again and appellees were in the process of rebuilding it when appellant protested their efforts which resulted in the injunction proceedings referred to heretofore; that the land in question was grazing land and fences were built where the road entered and left the land in question but cattle guards were built where the road crossed the fence lines and gates were built by the side of the cattle guards for use in moving cattle and in case the cattle guards were out of order and needed repairs; that the county installed and maintained the cattle guards; that there were times when a bridge had washed out, during which times the said road was used less than when everything was in good repair but during such times much of the travel crossed the creek without a bridge and the road was continuously used and the traffic was never blocked therefrom at any time; there were other times when the cattle guards were in bad repair and wires were stretched across them merely as a matter of warning of its condition during which times the gates were used by the travelling public; for most of the distance across the said land the road passed through a canyon which marked the line of travel, for a short distance it crossed the prairie and for some distance it has followed through a lane built in recent years by appellant; there has been little variation in the line of travel since the road was first established and all changes made were done either by mutual agreement by the owner of the land and the Commissioners Court or by a general acquiescence in all such changes made.

■ Appellant quit claimed any interest in the original road site laid out by the jury of view from which the road site used deviated some, according to the evidence, because of natural barriers that made it impractical to try to build a road over that route. Appellant did not testify himself. Neither did he offer testimony to refute the facts heretofore set out. He relies on inconsistencies pointed out in isolated excerpts in the testimony as given by appellees' witnesses. Some of the witnesses were apparently a little confused in their attempts to point out objects and lines on the map prepared by Harvey Schmidt, who did not testify, but the testimony of all the witnesses concerning conditions as they have existed on the grounds was firm and conclusive. Appellant contends that because of some inconsistencies found in the testimony of appellees' witnesses, reasonable minds could differ and therefore conflicting fact issues existed that should have been submitted to the jury. Such rule applies if there be grounds for reasonable minds to differ about the material facts that exist but such rule does not apply merely because there appears to be slight inconsistencies in the testimony about non-essential matters or about matters that were merely evidentiary as was true in this case.

It is admitted that the burden was upon appellees to prove a road by prescription and that they must prove that a defined roadway had been continuously used by the public for a period of ten years or more, under a claim of right hostile and adverse to the owner of the fee estate; that adverse use must be reasonably calculated to put the owner of the land upon notice that the public was using the road upon a claim of right; and that the use of the road must not be so intermittent and desultory as to breach the continuity.

The evidence conclusively shows that the road had its origin with the report of the jury of view, approved by the Commissioners Court in 1906; that because of natural barriers the road was soon thereafter established with most of it located on a little different line than that fixed by the jury of view but its beginning and termination across the land in question followed the line fixed by the jury of view; that the road was laid out, graded and maintained with public funds; that most of the road or line of travel was through a canyon while another part of it was slightly diverted by appellant in recent years and thereafter that part of it followed a lane built by appellant; that with slight variations in the line of travel by mutual consent or acquiescence therein the road was continuously traveled by the general public for a period of approximately twenty-nine years.

■ In order to prove prescription it is sufficient to establish that the general public used the road under a claim of right, and not by mere permission of the owner of the land, without interruption or any substantial changes for at least ten years. Robinson v. Whaley Farm Corporation, 120 Tex. 633, 37 S.W.2d 714, rehearing denied with additional opinion 120 Tex. 633, 40 S.W.2d 52. Obviously appellees have met the provisions of the foregoing rule since the use and maintenance of the road for such a period was of such a nature as to put the owner of the land on notice that the road was being used under a claim of right and not merely by permission of the owner. While there is no claim by appellant of lack of notice, appellees' claim of right was asserted by their action and by existing circumstances over a long period of years which should have put everybody on notice. In the case of Foster v. Patton, Tex.Civ.App. 104 S.W.2d 944, 946, writ dismissed, the court quoted with approval the following rules:

" 'The prevailing rule is that where the claimant has shown an open, visible, continuous, and unmolested use of land for the period of time sufficient to acquire title by adverse possession, the use will be presumed to be under a claim of right, so as to place upon the owner of the servient estate, in order to avoid the acquisition of an easement by prescription, the burden of rebutting this presumption by showing that the use was permissive.' * * *

"The facts may be established by the character of the use of the property, and the circumstances connected with the possession. If from a consideration thereof they are sufficient to indicate that the purpose was to claim the right and to assert an adverse use, they should be given that effect, although the claimant did not openly declare his purpose of the character of his claim."

These rules have since been consistently followed and they support the claims of appellees in this case.

■ Appellant contends that appellees failed to establish the fact that appellant and his predecessors in title were free from disabilities throughout the prescriptive period. It has been held by the Supreme Court in the case of Martin v. Burr, 111 Tex. 57, 228 S.W. 543, that parties claiming a right by prescription are not required in a case such as this to plead and prove that the party against whom the right is claimed and their predecessors in title were free from disabilities throughout the prescription period.

■ It has likewise been held that the location of a public easement may be changed with the express or implied consent of both interested parties and an estoppel to claim a former location to be the true one arises from acquiescence in a change. It has been further held that a land owner who has acquiesced in the relocation of a road and stood by while the public authorities expended public funds on the improvement of the road as thus located is not in a position to question the identity of the line of travel; and a change of location made by the owner of the land for his own conveniences after the right of the public in the road has become established through use does not defeat such right. Carleton v. Dierks, Tex. Civ.App., 203 S.W.2d 552, and Fowler v. Matthews, Tex.Civ.App., 204 S.W.2d 80. The record reveals that the changes made in the line of travel over the road in question

were slight and were made by express or implied consent of the interested parties who acquiesced in such changes and that one of the changes was made by appellant himself presumably for his own convenience. The record also reveals that the owners of the land stood by for more than twenty years and saw the Commissioners Court expend public money for grading and maintaining the road and for building bridges and putting in culverts in order that the road may be used by the general public in going to and from their market place. During that period of time no effort was made to prevent the use of the road or the expenditure of public funds thereon for such a purpose. For these reasons appellant should not now be heard to complain. Other pertinent rules of law applicable to the facts in this case are found in 21 Tex.Jur. 563, Paragraph 37 and 565, Paragraph 39. We cite them together with other authorities there cited in support of our position in this matter.

 Under the record in this case we do not agree with appellant's contentions that an unfenced road running across grazing land under fence cannot become a public road by prescription. The contrary has been held, particularly when Texas was sparsely settled and when the record reveals, as it does in this case, that cattle guards were provided where the road crossed the fence lines and most of the line of travel has been marked by a canyon as a natural barrier or configuration and a large part of the remainder of the road has been marked by a lane built by appellant in recent years through which travel has been diverted by him. Martinez v. Vidaurri, Tex.Com.App., 275 S.W. 999; Hall v. City of Austin, 20 Tex.Civ.App. 59, 48 S.W. 53, and other authorities cited in these cases.

It is our opinion, after carefully examining all of the evidence, that it conclusively supports the action of the trial court in refusing to direct a verdict for appellant and in directing a verdict for appellees and appellant's points to the contrary are all overruled.

Appellant further complains because the trial court excluded from the hearing of the jury certain rebuttal testimony objected to by appellees on the grounds that the testimony offered was hearsay, immaterial and statements made to a court of record that did not act on them in one instance and expressed a mere opinion of a witness in another instance. The testimony offered as is reflected by the bills of exception was to the effect that a Mr. O'Brien sent word in 1932 to the Commissioners Court through one of the County Commissioners about some grade work being done on the road in question and that it was all right to leave the road in question as it was so long as that court was in office. But the record reveals that Mr. O'Brien did not own the land in question at that time or at any other time but he was grazing the land as a tenant at the time he sent such word to the court. The record fails to reveal any action taken by the Commissioners Court on the message sent to them by Mr. O'Brien. The record further reveals that the witness testified for the bill of exception that in his opinion the road in question was not a public road.

 It is our opinion that the trial court properly excluded the testimony in both instances because the testimony offered in the first instance was hearsay and was not material to any issue and in the second instance for the reason that the testimony offered expressed a mere opinion of the witness. Appellant's complaints to the contrary are therefore overruled.

A careful examination of the record and the briefs reveals no reversible error and the judgment of the trial court is therefore affirmed.