

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN         AUSTIN 11, TEXAS

~~WILL WILSON~~
**ATTORNEY GENERAL**

Honorable R. S. Wyche         Opinion No. O-3820
County Auditor
Gregg County              Re: Commissioners' Court does not
Longview, Texas             have authority to transfer auto
                              registration fees to the Officers'
Dear Sir:                   Salary Fund.

      Your request for opinion upon the following stated question:

      "Has the Commissioners Court authority to transfer
auto registration fees to the officer's salary fund?"

has been received and carefully considered by this department.

      After providing that the automobile registration fees which the
county is permitted to retain shall be placed to the credit of the Road and
Bridge Fund of the county, Section 10 of Article 6675a prescribes the dis-
position of such portion of the Road and Bridge Fund as follows:

      " . . . None of the monies so placed to the credit of the
Road and Bridge Fund of a county shall be used to pay the
salary or compensation of any County Judge or County Com-
missioner, but all said monies shall be used for the construc-
tion and maintenance of lateral roads in such county under
the supervision of the County Engineer, if there be one, and
if there is no such engineer, then the County Commissioners'
Court shall have authority to command the services of the
Division Engineer of the State Highway Department for the
purpose of supervising the construction and surveying of
lateral roads in their respective counties. All funds allo-
cated to the counties by the provisions of this Act (Arts.
6675a-1 to 6675a-14; P. C. Art. 807a) may be used by the
counties in the payment of obligations, if any, issued and
incurred in the construction or the improvement of all roads
including State Highways of such counties and districts there-
in; or the improvement of the roads comprising the County
Road system." (Underscoring ours)

Honorable R. S. Wyche, Page 2 (0-3820)

The case of Stovall v. Shivers, Civ. App., 75 S.W.2d 276, affirmed (Comm. App.) 103 S.W.2d 363, on page 367 of the latter opinion, contains the following statement with respect to the above quoted section:

"As to that portion of automobile registration fees retained by Van Zandt County, Article 6675a-10, Vernon's Annotated Civil Statutes, expressly provides how same shall be expended, and for that reason it is obvious that Article 6740 has no application to same."

This department has repeatedly ruled that such registration fees must be expended in accordance with the statute. We quote from opinion No. 0-1091 of this department as follows:

"As for that portion of the county road and bridge fund consisting of automobile registration fees paid into the fund of Article 6675a, Section 10, is controlling. It is our opinion that in expending this portion of the fund for the purposes expressly set out in Section 10 of Article 6675a, the commissioners' court of the county shall regard the roads and highways of the county as a system to be built, improved and maintained as a whole to the best interests and welfare of all the people of the county and of all the precincts of the county."

We quote from opinion No. 0-3171 of this department as follows:

"Since the Legislature has specifically provided that such registration fees shall be expended for specific purposes , those fees may not be legally expended for any other purposes, nor may they be credited to any fund except the Road and Bridge Fund as directed by the statute; and when so credited the Commissioners' Court may not transfer them, or any part thereof, to any other fund of the county."

It is our opinion that your question should be answered in the negative, and it is so answered.

Very truly yours,

APPROVED AUG 13, 1941
/s/ Robert E. Kepke
Acting Attorney General of Texas
WJF:GO:tiw

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
　　　Wm. J. Fanning, Assistant

APPROVED Opinion Committee
By: /s/ GWS, Chairman